No. 2023-1101

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

———————————————

ECOFACTOR, INC.,

*Plaintiff – Appellee,*
v.

GOOGLE LLC,

*Defendants – Appellant.*

———————————————

Appeal from the United States District Court for the Western District of Texas
Case No. 6:20-cv-00075-ADA
Honorable Alan D. Albright

———————————————

MOTION FOR LEAVE TO FILE BRIEF OF SAS INSTITUTE INC.,
SYMMETRY, LLC, SAP AMERICA, INC., GARMIN INTERNATIONAL INC.,
VIZIO, INC., TESLA, INC., AND RED HAT, INC. AS *AMICI CURIAE*
IN SUPPORT OF DEFENDANT-APPELLANT'S REQUEST
FOR REHEARING EN BANC

———————————————

July 31, 2024

Kristin L. Cleveland
John D. Vandenberg
KLARQUIST SPARKMAN, LLP
121 SW Salmon Street, Suite 1600
Portland, OR 97204
(503) 595-5300

*Counsel for Amici Curiae*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2023-1101

**Short Case Caption** EcoFactor, Inc. v. Google LLC

**Filing Party/Entity** Amici Curiae

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 07/31/2024

Signature: /s/ Kristin L. Cleveland

Name: Kristin L. Cleveland

i

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| SAS Institute Inc. | n/a | n/a |
| Symmetry, LLC | n/a | n/a |
| SAP America, Inc. | n/a | SAP America, Inc. is wholly owned by parent company SAP SE. |
| Garmin International Inc. | n/a | Garmin International Inc. is wholly owned by parent company Garmin Ltd. |
| VIZIO, Inc. | n/a | VIZIO, Inc. is wholly owned by parent company VIZIO Holding Corp. |
| Tesla, Inc. | n/a | n/a |
| Red Hat, Inc. | n/a | Red Hat, Inc. is indirectly owned by International Business Machines Corp. |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

☐        Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐ Yes (file separate notice; see below) ☐ No ☑ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

<u>**MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF**</u>

Pursuant to Federal Circuit Rules 27 and 35(g), *amici curiae* SAS Institute Inc., Symmetry, LLC, SAP America, Inc., Garmin International Inc., Vizio, Inc., Tesla, Inc., and Red Hat, Inc. respectfully move for leave to file an *amici curiae* brief in support of Defendant-Appellant's request for rehearing en banc.

*Amici*, through undersigned counsel, sought consent from both parties to file an *amici curie* brief. Defendant-Appellant Google LLC does consent. Plaintiff-Appellee EcoFactor, Inc. does not consent and may file a response to the motion for leave.

<u>**INTEREST OF AMICI CURIAE**</u>

*Amici curiae* represent a diverse collection of market-leading technology innovators that develop, manufacture, use, and sell complex products and services, including computers, monitors, software services, IT infrastructure, and automobiles, as well as an organization that represents such innovators. Most *amici* face patent licensing solicitations and patent infringement actions from non-practicing entities targeting a small slice of the technology embedded in their products or services. Economic literature explains that such litigation (or the threat thereof) can shift resources away from innovation, particularly where there are risks of disproportionate damage awards. Accordingly, *amici* have an interest in patent damages law that predictably enforces proportionality between the patented

invention and the damages award, and, thus, have an interest in courts *predictably* enforcing *proportionality* between a patented invention and a damages award.[1]

## AMICI'S BRIEF IS DESIRABLE AND RELEVANT TO THE DISPOSITION OF THE CASE

*Amici* request leave to file the accompanying *amici curiae* brief because the importance of this appeal extends beyond its parties, as it could impact both the predictability and proportionality of "reasonable royalty" patent damages awards, particularly those based on a "comparable" license alleged to account for apportionment.

To promote innovation, our patent system must balance providing innovators with a period of exclusivity for disclosing their inventions, while limiting that exclusivity to novel and non-obvious inventions (35 U.S.C. §§ 102, 103), which are claimed with particularity, described, and enabled (*id*. §112). But the Patent Office striking this balance is all for naught if courts award disproportionate damages, rewarding a patentee for others' innovations.

The "apportionment" mandate enforces this proportionality. Predictability is maintained when courts consistently perform their gatekeeping duty to exclude unreliable expert testimony that does not account for apportionment. The proposed

---

[1] No party or party's counsel authored the proposed *amici* brief in whole or in part, and no party or party's counsel or any person other than *amici* or their counsel contributed money that was intended to fund preparing or submitting the proposed *amici* brief.

*amici* brief is desirable and relevant to the disposition of this case to offer insight into the policy and legal concerns that may arise from the majority's opinion being leveraged to weaken proportionality and predictability, at the expense of innovation.

The proposed *amici* brief would serve to provide information and context to the Court through economic literature regarding the detrimental impact of unpredictable and disproportionate patent damages awards on innovation, including negatively impacting research and development in both targeted companies and non-targeted companies in similar fields.

The proposed *amici* brief explains why the majority diminishes predictability and proportionality of patent damages by (1) reducing the apportionment mandate to a mere talking point in the hypothetical negotiation, (2) permitting an expert to parrot his client's wished-for royalty rate, without quantitative comparability analyses on the "comparable" portfolio-wide, lump-sum, settlement agreements, and (3) shifting to the jury threshold comparability factfinding that is part of the trial court's gatekeeping duty.

As the proposed *amici* brief explains, if left undisturbed as precedent, the majority would join earlier panel precedents that have diluted both the apportionment mandate and the trial court's gatekeeping duty. But, both are critical to maintaining proportionality and predictability in patent litigation, which, in turn, is important not only to litigants, but, more generally, to innovation. Therefore, *amici*

ask the en banc Court to step in to protect proportionality and predictability in reasonable royalty awards.

## CONCLUSION

For the foregoing reasons, *amici* respectfully request that the Court grant them leave to file an *amici curiae* brief in support of Defendant-Appellant's Petition for Rehearing En Banc.

July 31, 2024                          Respectfully submitted,

*/s/ Kristin L. Cleveland*
Kristin L. Cleveland
John D. Vandenberg
KLARQUIST SPARKMAN, LLP
121 SW Salmon Street, Suite 1600
Portland, OR 97204
(503) 595-5300
John.vandenberg@klarquist.com
kristin.cleveland@klarquist.com

*Counsel for Amici Curiae SAS Institute Inc., Symmetry, LLC, SAP America, Inc., Garmin International Inc., Vizio, Inc., Tesla, Inc., and Red Hat, Inc.*

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rules of Appellate Procedure 27(d)(2)(A) and 32(g)(1). According to the word-processing system used to prepare this document, the motion contains 638 words.

This motion complies with the typeface and style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because this document has been prepared using Microsoft Office Word 365 and is set in Times New Roman font in a size equivalent to 14 points or larger.

July 31, 2024

/s/ *Kristin L. Cleveland*
Kristin L. Cleveland

*Counsel for Amici Curiae SAS Institute Inc., Symmetry, LLC, SAP America, Inc., Garmin International Inc., Vizio, Inc., Tesla, Inc., and Red Hat, Inc.*