*In the*

# United States Court of Appeals

*For the*

# Federal Circuit

———— • ————

ECOFACTOR, INC.,

*Plaintiff-Appellee,*

v.

GOOGLE LLC,

*Defendant-Appellant.*

_____

*Appeal from the United States District Court for the Western District of Texas*
*Case No. 6:20-CV-00075-ADA · Judge Alan D. Albright*

## BRIEF OF *AMICUS CURIAE* LAWYERS FOR CIVIL JUSTICE IN SUPPORT OF APPELLANT'S PETITION FOR REHEARING AND REVERSAL

YAR CHAIKOVSKY
MICHAEL COSTELLO-CAULKINS
MAIMOUNA DIARRA
WHITE & CASE
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, California 94306
(650) 213-0300 Telephone
yar.chaikovsky@whitecase.com

MARK DAVIES
WHITE & CASE
701 Thirteenth Street, NW
Washington, District of Columbia 20005
(202) 637-6261 Telephone
mark.davies@whitecase.com

*Attorneys for Amicus Curiae Lawyers for Civil Justice*

 

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 23-1101

**Short Case Caption** EcoFactor v. Google LLC

**Filing Party/Entity** Lawyers for Civil Justice

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 07/31/2024

Signature: /s/ Mark Davies

Name: Mark Davies

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☐ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☐ None/Not Applicable |
| None | None | None |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐    None/Not Applicable           ☐    Additional pages attached

| | | |
|---|---|---|
| Yar Chaikovsky | Maimouna Diarra | |
| Mark Davies | | |
| Michael Costello-Caulkins | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐   Yes (file separate notice; see below)   ☐   No   ☑   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable           ☐    Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................i

STATEMENT OF INTEREST ....................................................................1

SUMMARY OF ARGUMENT ....................................................................4

ARGUMENT ..............................................................................................4

 I.  Rule 702 establishes the standard for admissibility. ...........5

 II.  The 2023 Amendment to Rule 702 corrects courts' failures to perform their gatekeeping function. ......................................6

 III. Decisions Of This Court Fail To Apply Rule 702. .............8

 IV. Admission of Kennedy's testimony was a prejudicial error. .............10

CONCLUSION .........................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Active Networks, Inc. v. Verizon Communc., Inc.*,
   694 F.3d 1312 (Fed. Cir. 2012) ................................................................9

*Apple Inc. v. Motorola, Inc.*,
   757 F.3d 1286 (Fed. Cir. 2014), overruled on other grounds by *Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015) ............................................9

*Ecofactor, Inc. v. Google LLC*,
   No. 2023-1101 (Fed. Cir. 2024) ...........................................................11

*Harris v. Fedex Corp. Svcs., Inc.*,
   92 F.4th 286 (5th Cir. 2024) ...............................................................8

*i4i Ltd. P'ship v. Microsoft Corp.*,
   598 F.3d 831 (Fed. Cir. 2010) .............................................................9

*In re Onglyza (Saxagliptin) and Kombiglyze (Saxagliptin and Metformin) Prods. Liab. Litig.*, 93 F.4th 339 (2024) ...............................................7, 8

*Liquid Dynamics Corp. v. Vaughan Co.*,
   449 F.3d 1209 (Fed. Cir. 2006) ..........................................................10

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
   853 F.3d 1370 (Fed. Cir. 2017) ..........................................................9

*Summit 6, LLC v. Samsung Elecs. Co.*,
   802 F.3d 1283 (Fed. Cir. 2015) .......................................................9, 11

## FEDERAL STATUTES

28 U.S.C. § 2072(a) and (b) ...................................................................5

## FEDERAL RULES

Fed. R. Evid. 702, 2000 Amendments, Advisory Committee Note ........................12

Fed. R. Evid. 702, 2023 Amendments, Advisory Committee Note ...................6, 10

Fed. R. Evid. 702, 2023 Amendment ...................................................................8

Fed. R. Evid. 702 ..........................................................................................passim

**FEDERAL REGULATIONS**

Order Amending the Federal Rules of Evidence,
529 U.S. 1189, 1195 (2000)...............................................................................5

**MISCELLANEOUS**

David E. Bernstein and Eric G. Lasker, *Defending Daubert:*
*It's Time to Amend Federal Rule of Evidence 702*,
57 WM. & MARY L. REV. 1, 47 (2015) .......................................................5, 6, 10

Minutes - Committee on Rules of Practice & Procedure,
Report of the Advisory Committee on Evidence
Rules (Jan. 5, 2021), *in* ADVISORY COMMITTEE
ON EVIDENCE RULES APRIL 2021 AGENDA BOOK 36 (2021) ......................7

Hon. Patrick J. Schiltz, Report of the Advisory Committee
on Evidence Rules (May 15, 2022), *in* COMMITTEE
ON RULES OF PRACTICE & PROCEDURE JUNE 2022
AGENDA BOOK 866 (2022) ........................................................................7

# STATEMENT OF INTEREST[1]

Lawyers for Civil Justice (LCJ)[2] is a national coalition of defense trial lawyer organizations, law firms, and corporations that promotes excellence and fairness in the civil justice system to secure the just, speedy, and inexpensive determination of civil cases. For over 30 years, LCJ has advocated for procedural reforms that (1) promote balance in the civil justice system; (2) reduce the costs and burdens associated with litigation; and (3) advance predictability and efficiency in litigation. Working through the Rules Enabling Act process, LCJ often urges proposals to reform aspects of the Federal Rules of Civil Procedure and Federal Rules of Evidence.

LCJ has specific expertise on the meaning, history, and application of Federal Rule of Evidence 702, drawing from both its own efforts undertaken during the

---

[1] Counsel certifies that (1) no counsel for a party authored this brief in whole or in part; (2) no party or party's counsel contributed money that was intended to fund the preparation or submission of this brief; and (3) no person or entity – other than amicus curiae – contributed money intended to fund the preparation or submission of this brief. White & Case represented Google in this matter but all White & Case lawyers, as of November 3, 2021, have since withdrawn from the case. *See EcoFactor, Inc. v. Google LLC*, No. 6:20-cv-00075-ADA (W.D. Tex. Nov. 3, 2021) (text order granting Motion to Withdraw White & Case attorneys Michael Songer and Henry Yee-Der Huang as counsel for Google). Appellant Google LLC consents to the present motion. Appellee EcoFactor, Inc. did not respond to LCJ's request for consent first sent on July 24, 2024.

[2] LCJ's members are listed on its webpage, at the "About Us" tab. https://www.lfcj.com/about.

rulemaking process and the collective experience of its members who are involved in litigation in the federal courts. LCJ has submitted several extensive comments, including original research, to the Judicial Conference Advisory Committee on Evidence Rules (referred to in this brief as the Advisory Committee).[3] LCJ's analysis has identified widespread misunderstanding of Rule 702's requirements and also identified purposeful shifting of the expert admissibility standard away from the Rule's text. In addition, LCJ has recently submitted amicus briefs in the United States Supreme Court and in federal courts of appeals urging courts to give meaning to Rule 702 and its requirements. *See, e.g.*, *Sprafka v. Medical Device Bus. Servs., Inc.*, No. 24-1874 (8th Cir. July 16, 2024); *Harris v. Fedex Corp. Servs., Inc.*, No. 23-20035 (5th Cir. May 10, 2023).

LCJ and its members have an interest in ensuring that the Federal Rules of Evidence be consistently interpreted across the nation, particularly with respect to the burden of production and the reliability criteria set forth in Rule 702. That standard, and not local variations that modify or remove elements or alter the explicit

---

[3] *See, e.g.*, Lawyers for Civil Justice, *Clarity and Emphasis: The Committee's Proposed Rule 702 Amendment Would Provide Much-Needed Guidance About the Proper Standards for Admissibility of Expert Evidence and the Reliable Application of an Expert's Basis and Methodology*, Comment to Advisory Committee on Evidence Rules (Sept. 1, 2021); https://www.regulations.gov/comment/USC-RULES-EV-2021-0005-0007.

admissibility requirements, reflects the result of the Rules Enabling Act's rulemaking process and is the governing law.

This case provides the Court with an opportunity to advance consistent interpretation of Rule 702. En banc review by the Court is warranted to clarify the standards for admissibility of expert opinions.

## SUMMARY OF ARGUMENT

The Court should order en banc review of this case to address the serious misapplication of Federal Rule of Evidence 702 by the panel decision. Rule 702 requires expert testimony to be grounded on sufficient facts and data, employ reliable principles and methods, and reliably apply those methods to the facts of the case. This responsibility lies with the trial courts, not juries. Rule 702 was amended in December 2023 for the specific purpose of correcting courts that have failed to consider and determine that all of Rule 702's enumerated requirements are established by a preponderance of the evidence *before* it reaches the jury.

In the decision below, the Court failed to apply Rule 702's standard, that the *court* must rule on admissibility, choosing instead to hold that issues with the assumptions of EcoFactor's damages expert, Mr. Kennedy, should be addressed by cross-examination. The Court also ignored the preponderance of the evidence standard, as clarified in the 2023 amendment, refusing to undertake its essential gatekeeping function. This approach contradicts the mandate of Rule 702 and highlights the need for this Court to provide direction to courts within the Federal Circuit.

## ARGUMENT

The panel's decision exemplifies the errors identified by the Advisory Committee. The panel failed to cite to Rule 702's reliability standard, and relied

instead on problematic precedent, ignoring its gatekeeping responsibility. These shortcomings highlight a fundamental misunderstanding of Rule 702, as underscored by the 2023 amendment, and require en banc review to correct these deviations.

### I. Rule 702 establishes the standard for admissibility.

The Rules Enabling Act authorizes the Supreme Court and the Judicial Conference committees to establish procedural rules. 28 U.S.C. § 2072(a) and (b). Federal Rule of Evidence 702, which sets the standard for expert witness testimony, was originally amended by the Supreme Court and submitted to Congress in 2000 and then again in 2023 through the rulemaking process under the Rules Enabling Act. *See* Communication from the Chief Justice Transmitting Amendments to the Federal Rules of Evidence (Apr. 24, 2023) at 1, 7; Order Amending the Federal Rules of Evidence, 529 U.S. 1189, 1195 (2000).

As a Supreme Court-adopted rule of evidence, Rule 702 overrides any conflicting laws, including appellate court decisions: "All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." 28 U.S.C. § 2072(b). Thus, "Rule 702 sets forth the law of expert admissibility in federal courts, and it is the Rule's provisions ultimately that govern." *See* David E. Bernstein and Eric G. Lasker, *Defending Daubert: It's Time to Amend Federal Rule*

*of Evidence 702*, 57 WM. & MARY L. REV. 1, 47 (2015) (hereinafter "*Defending Daubert*").

Because Rule 702 itself, and not caselaw, establishes the admissibility standard, courts must decide whether to exclude or allow an expert's testimony based on Rule 702's elements and whether they have been established by a preponderance of the evidence. *See* Advisory Committee Note to Fed. R. Evid. 702, 2023 Amendment ("expert testimony *may not be admitted* unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule.") (emphasis added).

## II. The 2023 Amendment to Rule 702 corrects courts' failures to perform their gatekeeping function.

Rule 702 was adopted by the Supreme Court effective on December 1, 2023. The corrections were driven by the fact that "many courts have held that the critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology, are questions of weight and not admissibility." Fed. R. Evid. 702 Advisory Committee's Note to 2023 Amendment. As the Advisory Committee observed, "[t]hese rulings are an incorrect application of Rules 702 and 104(a)." *Id.* Courts were observed to misstate and misapply these aspects of Rule 702 frequently:

> It is clear that a judge should not allow expert testimony without determining that all requirements of Rule 702 are met by a

preponderance of the evidence. . . . *It is not appropriate for these determinations to be punted to the jury, but judges often do so*.[4]

The Advisory Committee on Evidence Rules determined that the 2023 amendments should cause courts to stop making these errors:

> the Committee resolved to respond to the fact that many courts have declared that the reliability requirements set forth in Rule 702 (b) and (d) – that the expert has relied on sufficient facts or data and has reliably applied a reliable methodology – are questions of weight and not admissibility, and more broadly that expert testimony is presumed to be admissible. *These statements misstate Rule 702*, because its admissibility requirements must be established to a court by a preponderance of the evidence.[5]

The course correction brought about by the 2023 amendments has been recognized by several courts. For example, the Sixth Circuit observed that the Rule 702 amendments "were drafted to correct some court decisions incorrectly holding 'that the critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology, are questions of weight and not admissibility.'" *In re*

---

[4]Minutes - Committee on Rules of Practice & Procedure, Report of the Advisory Committee on Evidence Rules (Jan. 5, 2021) at 25, *in* ADVISORY COMMITTEE ON EVIDENCE RULES APRIL 2021 AGENDA BOOK 36 (2021), https://www.uscourts.gov/sites/default/files/advisory_committee_on_evidence_rules_-_agenda_book_spring_2021_0.pdf (emphasis added).

[5] Hon. Patrick J. Schiltz, Report of the Advisory Committee on Evidence Rules (May 15, 2022) at 6, *in* COMMITTEE ON RULES OF PRACTICE & PROCEDURE JUNE 2022 AGENDA BOOK 866 (2022), https://www.uscourts.gov/sites/default/files/2022-6_standing_committee_agenda_book_final.pdf (emphasis added).

*Onglyza (Saxagliptin) and Kombiglyze (Saxagliptin and Metformin) Prods. Liab. Litig.*, 93 F.4th 339, 348 n.7 (2024); s*ee also Harris v. Fedex Corp. Svcs., Inc.*, 92 F.4th 286, 303 (5th Cir. 2024) (district court "abdicated its role as gatekeeper" by allowing expert "to testify without a proper foundation," in contravention of Rule 702(b)).

The amendment clarifies Rule 702 in three key ways. ***First***, it mandates that the *court* must determine the admissibility of evidence before presenting it to the jury. ***Second***, the amendment integrates the preponderance of the evidence standard into Rule 702, requiring the proponent to prove that it is more likely than not that all of Rule 702's requirements are met. Fed. R. Evid. 702, 2023 Amendment. ***Third***, the amendment to Rule 702(d) reinforces that each expert opinion must reliably apply the expert's principles and methods to the case facts.

### III. Decisions Of This Court Fail To Apply Rule 702.

A number of decisions from the Federal Circuit fail to recognize that Rule 702 sets the admissibility standard. Instead, courts have taken gatekeeping approaches that are more relaxed about admitting expert testimony than the rule allows. This history demonstrates that many courts fundamentally misunderstand the nature of Rule 702's admissibility criteria and how to perform their gatekeeping responsibility. This case presents an opportunity to provide needed guidance.

Decisions in this circuit fall among the body of rulings that do not adhere to the requirements of Rule 702. For example, the Federal Circuit has declared that "[t]he soundness of the factual underpinnings of the expert's analysis … [is a] factual matter[] to be determined by the trier of fact." *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1320 (Fed. Cir. 2014), overruled on other grounds by *Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015); *see also Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1299 (Fed. Cir. 2015) ("To the extent [an expert]'s credibility, data, or factual assumptions have flaws, these flaws go to the weight of the evidence, not to its admissibility.").

Other decisions have declared that "disagreements [] with the … factual assumptions and considerations underlying th[e] conclusions [reached by an expert] … go to the weight afforded to the testimony and not its admissibility. *Active Networks, Inc. v. Verizon Communc., Inc.*, 694 F.3d 1312, 1333 (Fed. Cir. 2012); *see also i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 856 (Fed. Cir. 2010) ("Questions about what facts are most relevant or reliable to calculating a reasonable royalty are for the jury."); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, 853 F.3d 1370, 1381 (Fed. Cir. 2017) ("Samsung's criticism of [the damages expert]'s selected benchmark 'goes to evidentiary weight, not its admissibility.'") (Cleaned up).

Rather than follow Rule 702 itself, some courts have even relied on precedent dating back to 1986 as justification for the incorrect proposition that the reliability of an expert's opinions should be tested by the adversary process rather than excluded. *See Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1221 (Fed. Cir. 2006) ("Virtually all the inadequacies in the expert's testimony urged here … were brought out forcefully at trial … [t]hese matters go to the weight of the expert's testimony rather than to its admissibility." (quoting *Wilmington v. J.I. Case Co.*, 793 F.2d 909, 920 (8th Cir. 1986)). As the *Defending Daubert* commentators observed, "[p]erhaps the worst example of a federal appellate court ignoring the language of amended Rule 702 arose in the 2006 Federal Circuit opinion in *Liquid Dynamics Corp. v. Vaughan Co.*" *Defending Daubert* at 137. In all these cases, the gatekeeping function contemplated by Rule 702 has not been employed.

## IV. Admission of Kennedy's testimony was a prejudicial error.

The panel decision is a prime example of errors the Advisory Committee has identified. First, finding Google's challenge to Kennedy's factual foundation "a 'factual issue best addressed by cross examination and not by exclusion,'" *id.* at 15 (*citing ActiveVideo*, 694 F.3d at 1333), is precisely the type of rubberstamping Rule 702 rejects. *See* Fed. R. Evid. 702 Advisory Committee's Note to 2023 Amendment (judicial statements that "the critical questions of the sufficiency of an expert's basis . . . are questions of weight and not admissibility" are "an incorrect application of

10

Rules 702 and 104(a).").  As the dissent appropriately observes, "Mr. Kennedy failed to account for the impact of the specific remaining patents in EcoFactor's portfolio, other than by referencing a generic 'downward pressure.'" *Ecofactor, Inc. v. Google LLC*, No. 2023-1101, at 19 (Fed. Cir. 2024).

Second, the Federal Circuit did not cite Rule 702 at all – instead relying on some of the same problematic cases identified above.  *See Ecofactor*, No. 2023-1101, at 10 ("[W]hile all [damages] approximations involve some degree of uncertainty, the admissibility inquiry centers on whether the methodology employed is reliable.") (*quoting Summit 6*, 802 F.3d at 1296); *id.* at 15 ("The degree of comparability of license agreements is a 'factual issue[] best addressed by cross examination and not by exclusion'") (*quoting ActiveVideo*, 694 F.3d at 1333).  The Court further announced that "like in *ActiveVideo*, if there were any failures to control for certain variables in comparability, these factual issues were for the jury to decide." *Id.* at 23 (c*iting ActiveVideo*, 694 F.3d at 1333).  It did not apply a preponderance of the evidence standard, explicitly refusing to undertake its "essential" judicial "gatekeeping function."

Third, Kennedy's royalty rate derived from prior licensing agreements involving lump-sum payments, not per-unit royalties.  He relies on preliminary "whereas" clauses in the agreements that provide what EcoFactor alone "believes is a reasonable royalty calculation." *Ecofactor*, No. 2023-1101, at 13.  Moreover, two

of the three licenses state in the terms and conditions agreed upon by *both* parties, that the lump-sum payment "is not based upon sales and does not reflect or constitute a royalty." *Id.* at 27. The third license offers nothing other than the "whereas" clause which was not based on "any underlying financial information or sales data," and recites only EcoFactor's self-serving "belief" about what is reasonable. *Id.* at 29. This cannot satisfy the reliability requirements of Rule 702. *See* Fed. R. Evid. 702 Advisory Committee's Note to 2000 Amendment ("The amendment specifically provides that the trial court must scrutinize not only the principles and methods used by the expert, but also whether those principles and methods have been properly applied to the facts of the case.").

The amendments to Rule 702 underscore that the Court's analysis of Kenndy's opinions was inadequate. Had the Court viewed the testimony through the lens of Rule 702, it all should have been excluded.

## CONCLUSION

En banc review is necessary to clarify that trial courts must follow Rule 702.

Dated: July 31, 2024

Respectfully submitted,

*/s/ Mark Davies*
YAR CHAIKOVSKY
MICHAEL COSTELLO-CAULKINS
MAIMOUNA DIARRA
WHITE & CASE
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, California 94306
yar.chaikovsky@whitecase.com

MARK DAVIES
WHITE & CASE
701 Thirteenth Street, NW
Washington, DC 20005
mark.davies@whitecase.com
*Counsel for Amicus Curiae*

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing Amicus Brief for Lawyers for Civil Justice,

1.     Complies with the typeface and type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and Fed. Cir. Rule 32(b).  This brief contains 2,593 words, excluding the parts of the brief exempted by Fed R. App. P. 5(c), 21(d), 27(d)(2), 32(f), and Fed. Cir. R. 32(b)(2), as counted by Microsoft Word, which was used to prepare the brief.

2.     Complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6).  This brief has been prepared in a proportionally-spaced typeface using Microsoft Word in 14-point Times New Roman type style.

Dated: July 31, 2024                                 */s/ Mark Davies*
                                                Mark Davies