# No. 23-1101

# United States Court of Appeals
# for the Federal Circuit

---

**ECOFACTOR, INC.,**

Plaintiff-Appellee

*vs.*

**GOOGLE LLC,**

Defendant-Appellant

---

*Appeal from the United States District Court for the Western District of Texas*
*in No. 6:20-cv-00075-ADA, Judge Albright*

---

## BRIEF OF THE CHAMBER OF COMMERCE
## OF THE UNITED STATES OF AMERICA AS
## *AMICUS CURIAE* IN SUPPORT OF NEITHER PARTY

---

TARA S. MORRISSEY
**U.S. CHAMBER OF COMMERCE**
**LITIGATION CENTER**
1615 H St., NW
Washington, DC 20062-2000
(202) 659-6000
TMorrissey@USChamber.com

DAVID R. FINE
**K&L GATES LLP**
17 North Second St., 18th Fl.
Harrisburg, PA 17101
(717) 231-5820
david.fine@klgates.com

*Counsel for the Chamber of Commerce of the United States of America*

November 26, 2024

# CERTIFICATE OF INTEREST

Counsel for the Chamber of Commerce of the United States of America certifies the following:

1. The full name of the only party represented by me is the Chamber of Commerce of the United States of America (the "Chamber").

2. The names of the real parties in interest represented by me are: None.

3. All parent corporations and any publicly held companies that own 10% or more of stock in the parties represented by me are as follows: None.

4. The names of all law firms and the partners or associates that appeared for the parties now represented by me before the originating court or that are expected to appear in this court (and who have not or will not enter an appearance in this case) are as follows: None.

5. The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this Court's decision in the pending appeal is as follows:

   *In re Ex Parte Reexamination of U.S. Patent No. 8,738,327, 90/014,915* (U.S. PTO Dec. 3, 2021)

   *Google, LLC v. EcoFactor, Inc.*, 3:21-cv-01468 (N.D. Cal. Mar. 1, 2021)

   *Google, LLC v. EcoFactor, Inc.*, 4:21-cv-03220 (N.D. Cal. April 30, 2021)

   *EcoFactor, Inc. v. Google, LLC*, 5:22-cv-07661 (N.D. Cal. Dec. 5, 2022)

   *Google, LLC v. EcoFactor, Inc.*, 5:22-cv-00162 (N.D. Cal. Jan. 10, 2022)

   *EcoFactor, Inc. v. Google, LLC*, 4:24-cv-00175 (N.D. Cal. Jan. 9, 2024)

6. Organizational Victims and Bankruptcy Cases: Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case

debtors and trustees) are not applicable because this is not a criminal or bankruptcy case. *See* Fed. Cir. R. 47.4(a)(6).

November 26, 2024                                   /s/ David R. Fine

# TABLE OF CONTENTS

**Page(s)**

STATEMENT OF INTEREST ............................................................................. 1

INTRODUCTION ........................................................................................... 3

ARGUMENT ................................................................................................. 5

I.   Rule 702 controls admissibility of expert testimony, but too  many
     decisions have drifted from the rule's mandates ............................................ 5

II.  The 2023 amendment to Rule 702 emphasizes and confirms that
     the district court is to make the admissibility determination and
     the burden rests on the proponent to prove admissibility by a
     preponderance of the evidence ....................................................................... 8

III. Public policy supports careful adherence to Rule 702's mandate ................... 11

IV.  The Chamber asks this Court to make a clear statement about the
     role of the district court and the burden on the proponent of
     expert evidence ............................................................................................ 13

CONCLUSION ............................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 (1993) ...................................................................5, 6, 15

*Harris v. FedEx Corp. Svcs., Inc.*,
92 F.4th 286 (5th Cir. 2024) .............................................. 10

*Omega Pats., LLC v. CalAmp Corp.*,
13 F.4th 1361 (Fed. Cir. 2021) ..........................................5

*In re Onglyza (Saxagliptin) and Kombiglyze (Saxagliptin and Metformin)
Prods. Liab. Litig.*,
93 F.4th 339 (6th Cir. 2024) .............................................9

*Sardis v. Overhead Door Corp.*,
10 F.4th 268 (4th Cir. 2021) ...................................... 8, 10

*United States v. Coutentos*,
651 F.3d 809 (8th Cir. 2011) ..............................................3

*Wendell v. GlaxoSmithKline LLC*,
858 F.3d 1227 (9th Cir. 2017) ...........................................2

*Zsa Zsa Jewels, Inc. v. BMW of N. Am.*,
419 F. Supp.3d 490 (E.D.N.Y. 2019)..................................3

## Statutes

28 U.S.C. § 2072(a) ..............................................................5

28 U.S.C. § 2072(b).............................................................5

Employee Retirement Income Security Act of 1974 .............................. 14

## Rules and Advisory Committee Notes

Federal Rule of Evidence 104............................................................4, 6

Federal Rule of Evidence 702.................... 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15

Federal Rule of Evidence 702, Committee Note on Rules—2000
    Amendment.......................................................................................6

Federal Rule of Evidence 702, Committee Note on Rules—2023
    Amendment.......................................................................................9

## Other Authorities

Amendments to the Federal Rules of Evidence, H. Doc. 118-33 at 18......................8

Margaret A. Berger, THE ADMISSIBILITY OF EXPERT TESTIMONY,
    REFERENCE MANUAL ON SCIENTIFIC EVIDENCE (Federal Judicial
    Center: 3d ed 2011) at 19 .................................................................. 12

Hon. Stephen Breyer, *Introduction*, REFERENCE MANUAL ON
    SCIENTIFIC EVIDENCE (Federal Judicial Center, 3d ed 2011) at 4 ...................... 13

Hon. Thomas D. Schroeder, *Toward a More Apparent Approach to*
    *Considering the Admission of Expert Testimony*, 95 NOTRE DAME L.
    REV. 2039 (2020) .............................................................................5

Hon. Patrick J. Schiltz, Report of the Advisory Committee on
    Evidence Rules (May 15, 2022) at 6, in COMMITTEE ON RULES OF
    PRACTICE AND PROCEDURE JUNE 2022 AGENDA BOOK 866 (2022) ....................8

Lawyers for Civil Justice, *Clarity and Emphasis: The Committee's*
    *Proposed Rule 702 Amendment Would Provide Much Needed Guidance*
    *About the Proper Standards for Admissibility of Expert Evidence and*
    *the Reliable Application of an Expert's Basis and Methodology*,
    COMMENT TO THE ADVISORY COMMITTEE OF RULES OF EVIDENCE
    AND RULE 702 SUBCOMMITTEE (Sept. 1, 2021) ...................................7

Memorandum from Daniel J. Capra, Reporter, Advisory Committee
    on Evidence Rules, to Advisory Committee on Evidence Rules,
    Possible Amendment to Rule 702 (Apr. 1, 2021) at 11, in ADVISORY
    COMMITTEE ON EVIDENCE RULES APRIL 2021 AGENDA BOOK 90
    (2021) .........................................................................................7

Price & Gates Kelly, *Junk Science in the Courtroom: Causes, Effects and Controls*, 19 HAMLINE L. REV. 395 (1996) ........................................................ 12

Schwartz & Silverman, *Daubert and the Recidivism of Junk Science in Federal and State Courts*, 35 HOFSTRA L. REV. 217, 224–26 (2006) ................... 12

U.S. Chamber Institute for Legal Reform, *Amending Federal Rule of Evidence 702*, COMMENT TO THE ADVISORY COMMITTEE OF RULES OF EVIDENCE AND RULE 702 SUBCOMMITTEE (Nov. 9, 2020) ........................... 2

U.S. Chamber Institute for Legal Reform, *Fact or Fiction: Ensuring the Integrity of Expert Testimony* (Feb. 2021) ............................................................ 2

**STATEMENT OF INTEREST**

The Chamber of Commerce of the United States of America (the "Chamber") is the world's largest business federation. It represents 300,000 direct members, and it indirectly represents the interests of more than three million companies and professional organizations of every size, in every industry sector, and from every region of the country. An important function of the Chamber is to represent the interests of its members in matters before Congress, the Executive Branch and the courts. To that end, the Chamber regularly files *amicus curiae* briefs in cases, like this one, that raise issues of concern to the nation's business community.[1]

The Chamber has insight into the meaning, history, and application of Rule 702 from its involvement in the rulemaking process that resulted in the December 1, 2023, amendment. The Chamber interacted with the Judicial Conference Advisory Committee on Evidence Rules and provided research and reasoning that supported the adoption of the Rule 702 amendment, which corrects misconceptions of the expert-admissibility standard and promotes uniform and

---

[1] No party or counsel for a party authored this brief in whole or in part, and no entity or person, aside from *amicus curiae*, its members, or its counsel, made any monetary contribution intended to fund the preparation or submission of this brief.

predictable application.[2] In its comments, the Chamber pointed out that the Advisory Committee notes to the 2000 amendment highlighted the requirement that the proponent of evidence demonstrate that it is more likely than not that expert testimony satisfies Rule 702, yet many courts continued to declare that they must favor admission of expert testimony over exclusion. *See, e.g., Wendell v. GlaxoSmithKline LLC*, 858 F.3d 1227, 1232 (9th Cir. 2017). This misapplication of the admissibility standard has allowed claims grounded in unreliable science to remain viable. The Chamber urged adoption of an amendment that would produce a consistent approach to courts' gatekeeping mandate. In 2021, the Chamber's Institute for Legal Reform also published a white paper describing patterns of errors in judicial gatekeeping and explaining why Rule 702 should be amended.[3]

The Chamber submits this *amicus curiae* brief in support of neither party, and thus takes no position on the outcome of this appeal or on how Rule 702 affects the

---

[2] U.S. Chamber Institute for Legal Reform, *Amending Federal Rule of Evidence 702*, Comment to the Advisory Committee of Rules of Evidence and Rule 702 Subcommittee (Nov. 9, 2020), https://www.uscourts.gov/sites/default/files/20-ev-cc_suggestion_from_u.s._chamber_institute_for_legal_reform_-_rule_702_0.pdf.

[3] U.S. Chamber Institute for Legal Reform, *Fact or Fiction: Ensuring the Integrity of Expert Testimony* (Feb. 2021), https://instituteforlegalreform.com/wpcontent/uploads/2021/02/Expert-Testimony-Paper-FINAL.pdf

calculation of reasonable royalty damages. Instead, the Chamber encourages the Court to confirm the importance of district courts' acting as gatekeepers to the admission of expert testimony by carefully applying the requirements of Federal Rule of Evidence 702 and by appropriately imposing the burden of proving satisfaction of those requirements on the proponent of expert evidence. It is particularly important for this Court to emphasize the district court's important role because—alone among the federal courts of appeals—the Federal Circuit has nationwide jurisdiction and persuasive influence.

## INTRODUCTION

A federal district court has a crucial gatekeeping role with respect to the admission of expert testimony under Federal Rule of Evidence 702. In recent years, however, some courts have muddied the waters by treating expert admission decisions as questions of weight to be decided by juries rather than as questions of admissibility to be decided as threshold matters by judges. *See, e.g., United States v. Coutentos*, 651 F.3d 809, 820 (8th Cir. 2011). Some courts have held that there is a "liberal thrust" to Rule 702 that favors admission, thus effectively relieving the proponent of expert testimony of the burden of proof Rule 702 properly places on that party. *See, e.g., Zsa Zsa Jewels, Inc. v. BMW of N. Am.*, 419 F. Supp.3d 490, 511-12 (E.D.N.Y. 2019).

Last year, the Advisory Committee on Evidence Rules confirmed that these courts' decisions were "an incorrect application of Rules 702 and 104(a)." FED. R. EVID. 702, Committee Note on Rules—2023 Amendment. The Committee accordingly amended Rule 702 to clarify the district court's gatekeeping role, reinforcing the court's obligation to determine whether the proponent of expert testimony has satisfied by a preponderance of the evidence that the testimony is relevant and reliable. *Id*. Further, the amendments emphasize that a district court must limit expert testimony to what may be concluded from a reliable application of the expert's basis and methodology. *Id*. Both of these points of clarification serve to reinforce courts' obligation to treat the relevance and reliability of expert testimony as questions of admissibility rather than weight.

The Chamber of Commerce of the United States of America (the "Chamber") offers this *amicus curiae* brief not to argue in favor of affirmance or reversal or to weigh in on the specifics of this case but to urge the Court to emphasize both the significance of a district court's role under Rule 702 and the proper allocation of burdens.  The Chamber encourages the Court to carefully consider the 2023 amendments to Rule 702 and the Advisory Committee's purpose in enacting them in resolving this matter.  This Court's voice is particularly important because the Court hears appeals from essentially every district court in

the nation and because expert testimony is common in the types of cases before the

Court.[4]

## ARGUMENT

### I.     Rule 702 controls admissibility of expert testimony, but too many decisions have drifted from the rule's mandates.

Federal Rule of Evidence 702 governs the admission of expert evidence in

federal courts. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588-89 (1993).

The Rules Enabling Act grants to the Supreme Court authority to prescribe rules of

evidence, 28 U.S.C. § 2072(a), and the rules thus enacted supersede all other

sources of law regarding the admission of evidence. 28 U.S.C. § 2072(b). Thus,

while *Daubert* and case law since *Daubert* are important in understanding the

application of Rule 702, the rule itself is the primary authority.[5]

---

[4] The Chamber recognizes that, with respect to evidentiary issues, this Court applies the law of the regional circuit in which the district court is located. *Omega Pats., LLC v. CalAmp Corp.*, 13 F.4th 1361, 1368 (Fed. Cir. 2021). It is nonetheless important for the Court to explain carefully the requirements of Rule 702 as the Court's holding will be strongly persuasive nationally.

[5] Hon. Thomas D. Schroeder, *Toward a More Apparent Approach to Considering the Admission of Expert Testimony*, 95 NOTRE DAME L. REV. 2039, 2060 (2020). Judge Schroeder was chair of the Advisory Committee on Evidence Rules' Subcommittee on Rule 702 during the process that resulted in the 2023 amendments discussed more fully in the text.

The primacy of the text of Rule 702 is especially important. In the 31 years since *Daubert*, courts and litigants have often focused on discussing *Daubert* and the follow-on caselaw. But the rule itself is the source of law. *Daubert* was a landmark interpretation of the rule in 1993 and, then, in 2000, the Advisory Committee proposed and the Supreme Court approved an amendment to Rule 702 to directly incorporate the requirements of *Daubert* into the rule.

The rule as amended in 2000 set out admissibility requirements for expert opinions: helpfulness to the trier of fact, sufficient factual basis, use of reliable principles and methods, and reliable application of the methodology to the facts of the case. FED. R. EVID. 702. The Advisory Committee explained in its note to the 2000 amendment that the proponent of expert testimony had to prove its admissibility by a preponderance of the evidence. FED. R. EVID. 702, Committee Note on Rules—2000 Amendment. The district court's obligation to conduct this admissibility analysis is supported by Federal Rule of Evidence 104, which has by its express terms long mandated that it is for the court to decide preliminary matters of admissibility.

Still, even after *Daubert* and the 2000 amendment to Rule 702, many courts treated expert admissibility issues more as questions of weight for juries to determine, particularly with respect to the sufficiency of the factual basis for an

expert's opinion. As the Advisory Committee's reporter noted during the proceedings leading to a 2023 amendment to Rule 702: "Many opinions can be found with broad statements such as 'challenges to the sufficiency of an expert's basis raise questions of weight and not admissibility'—*a misstatement made by circuit courts and district courts in a disturbing number of cases.*"[6] Indeed, in its comment to the Advisory Committee considering amending Rule 702, Lawyers for Civil Justice surveyed hundreds of published courts of appeals decisions between 2015 and 2021 and identified hundreds of decisions suggesting (incorrectly) that questions regarding the factual bases or foundations of expert opinions go to the weight of the experts' opinions and are, therefore, for cross-examination and jury resolution.[7]

---

[6] Memorandum from Daniel J. Capra, Reporter, Advisory Committee on Evidence Rules, to Advisory Committee on Evidence Rules, Possible Amendment to Rule 702 (Apr. 1, 2021) at 11, in ADVISORY COMMITTEE ON EVIDENCE RULES APRIL 2021 AGENDA BOOK 90 (2021), https://www.uscourts.gov/sites/default/ files/ advisory_committee_on_evidence_rules_-_agenda_book_spring_2021_0.pdf (emphasis added).

[7] Lawyers for Civil Justice, *Clarity and Emphasis: The Committee's Proposed Rule 702 Amendment Would Provide Much Needed Guidance About the Proper Standards for Admissibility of Expert Evidence and the Reliable Application of an Expert's Basis and Methodology*, Comment to the Advisory Committee of Rules of Evidence and Rule 702 Subcommittee (Sept. 1, 2021), https://static1.squarespace.com/static/640b6c7e5b8934552d35ab05/t/64872bd8aa 883f4ddeae6382/1686580184749/lcj_public_comment_on_rule_702_amendment _s ept_1_2021.pdf.

## II. The 2023 amendment to Rule 702 emphasizes and confirms that the district court is to make the admissibility determination and the burden rests on the proponent to prove admissibility by a preponderance of the evidence.

To correct those misapplications of Rule 702, the Advisory Committee proposed a further amendment, not to substantively change the rule but to emphasize what it had already provided:

> [T]he Committee resolved to respond to the fact that many courts have declared that the reliability requirements set forth in Rule 702(b) and (d)—that the expert has relied on sufficient facts or data and has reliably applied a reliable methodology—are questions of weight and not admissibility, and more broadly that expert testimony is presumed to be admissible. *These statements misstate Rule 702, because its admissibility requirements must be established to a court by a preponderance of the evidence.*[8]

With that clarifying goal in mind, the Advisory Committee and the Supreme Court amended the rule effective December 1, 2023, as follows (the underlined text was added and the stricken text was deleted):

---

[8] Hon. Patrick J. Schiltz, Report of the Advisory Committee on Evidence Rules (May 15, 2022) at 6, in Committee on Rules of Practice and Procedure June 2022 Agenda Book 866 (2022), https://www.uscourts.gov/sites/default/files/2022-6_standing_committee_agenda_book_final.pdf (emphasis added); Amendments to the Federal Rules of Evidence, H. Doc. 118-33 at 18-19; *Sardis v. Overhead Door Corp.*, 10 F.4th 268, 283-84 (4th Cir. 2021) (amendment "confirms" existing law).

**Rule 702. Testimony by Expert Witnesses**

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise <u>if the proponent demonstrates to the court that it is more likely than not that</u>:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the ~~expert has reliably applied~~ <u>expert's opinion reflects a reliable application of</u> the principles and methods to the facts of the case.

Thus, the rule itself now emphasizes that it is for the district court to make the admissibility finding, and that the proponent of the expert evidence must demonstrate that the evidence satisfies the four requirements by a preponderance of the evidence. The Advisory Committee further noted that Rule 702(d) emphasizes "that each expert opinion must stay within the bounds of what can be concluded from a reliable application of the expert's basis and methodology."[9]

A number of courts have recognized the 2023 amendment's clarification.

In *In re Onglyza (Saxagliptin) and Kombiglyze (Saxagliptin and Metformin) Prods. Liab. Litig.*, 93 F.4th 339 (6th Cir. 2024), the Sixth Circuit affirmed a district court's exclusion of a causation expert whose analysis did not satisfy the rigors of

---

[9] FED. R. EVID. 702, Committee Note on Rules—2023 Amendment.

Rule 702, noting that the rule "entrusts" district courts with a gatekeeping role. 93 F.4th at 344-45. The court noted that, while the district court had used the pre-2023-amendment version of Rule 702, its approach complied with the clarified rule. *Id*. at 345 n.4.

In *Sardis v. Overhead Door Corp.*, 10 F.4th 268 (4th Cir. 2021), the Fourth Circuit reversed a district court's decision to allow expert testimony regarding a design-defect error, noting that the district court had not satisfied its gatekeeping role and explaining that the importance of the gatekeeping role "cannot be overstated." 10 F.4th at 283. The court found additional support for that conclusion in the then-upcoming 2023 amendment, which confirmed the district court's role and the proper allocation of the burden of proof. *Id*. at 283-84.

While the Fifth Circuit, the regional circuit of origin for this case, has not yet opined specifically on the effect of the 2023 amendment, one of that court's most recent pronouncements underscores the centrality of the district court's role. *Harris v. FedEx Corp. Svcs., Inc.*, 92 F.4th 286, 303 (5th Cir. 2024) (concluding that district court "abdicated its role as gatekeeper" by allowing an expert to testify without a proper foundation under Rule 702(b)).

As the Advisory Committee acted to discourage jurisprudential drift from the rule's requirements, this Court should join its sister circuits in focusing its attention on the amended text and its associated notes.

## III. Public policy supports careful adherence to Rule 702's mandate.

Sound policy interests underlie the clarifying amendment to Rule 702 and rigorous enforcement of the rule's requirements.

First, Rule 702 reflects a balancing of the value of proper and helpful expert testimony against the danger of unreliable and misleading expert testimony. For litigants to realize the benefit of that balance, courts must carefully apply not only the substantive requirements of the rule but also the procedure it sets out. The gatekeeping role requires judges to apply their legal expertise in evaluating the relevance and reliability of the science instead of passing this critical obligation along to jurors.

Second, the business community has a strong interest in the scrupulous application of Rule 702. The rule's careful gatekeeping mandate provides businesses with assurance that only expert opinions grounded in reliable science will be presented to juries. Without that assurance, businesses will too often have to settle before trial even in the face of plainly unreliable expert opinions because of

the risk that those opinions will be incorrectly admitted and will inappropriately sway juries.[10]

Third, the uncertainty of loose and uneven application of Rule 702 will harm the public.  Expert testimony is heard in all forms of civil actions, and any disuniformity this Court may create in its interpretation of Rule 702 would generate uncertainty about the rule's application even beyond this Court's limited jurisdiction.  If a district court admits unreliable expert testimony through misapplication of Rule 702, it may unjustly prolong litigation of weak claims and increase litigation costs for businesses.  Often, admission of unreliable expert testimony will force a business to settle—sometimes, for exorbitant amounts.  Businesses must often pass increases in litigation costs along to consumers in the form of higher prices for goods and services.

In addition, the threat of unpredictable results of litigation can force businesses to pull from the market products that are, in fact, both safe and helpful.[11]

---

[10] *See* Margaret A. Berger, THE ADMISSIBILITY OF EXPERT TESTIMONY, REFERENCE MANUAL ON SCIENTIFIC EVIDENCE (Federal Judicial Center: 3d ed 2011) at 19 ("[A]n inability by the defendant to exclude plaintiffs' experts undoubtedly affects the willingness of the defendant to negotiate a settlement.").

[11] Price & Gates Kelly, *Junk Science in the Courtroom: Causes, Effects and Controls*, 19 HAMLINE L. REV. 395, 398 (1996); *see also*, Schwartz & Silverman, *The Draining of Daubert and the Recidivism of Junk Science in Federal and State Courts*, 35 HOFSTRA L. REV. 217, 224–26 (2006).

Even the potential of an unfounded jury award based on unreliable expert testimony could "improperly force" a business to abandon a beneficial product that is, in fact, entirely safe.[12] If businesses are forced to turn to these options, consumers will face higher costs, fewer choices in-store, and waning employment prospects.

## IV. The Chamber asks this Court to make a clear statement about the role of the district court and the burden on the proponent of expert evidence.

Sitting *en banc*, this Court should now join the Fourth and Sixth Circuits in embracing the 2023 amendment's clarification of the district court's gatekeeping responsibility. However the Court resolves the specific issues in this case, it should make the following points of law clear to district courts nationwide:

- Federal Rule of Evidence 702 provides the legal foundation for the admission of expert evidence, and the provisions of that rule trump any inconsistent caselaw.

---

[12] Hon. Stephen Breyer, *Introduction*, REFERENCE MANUAL ON SCIENTIFIC EVIDENCE (Federal Judicial Center, 3d ed 2011) at 4; U.S. Chamber Institute For Legal Reform, *Fact or Fiction: Ensuring the Integrity of Expert Testimony* (Feb 2021), at 27, https://perma.cc/Q446-EBGF ("When courts do not demand that experts ... support their conclusions with sound scientific evidence, they present an opportunity for unwarranted mass tort litigation that imposes defense costs and liability that can drive products from the market.").

- The proponent of expert evidence bears the burden of proving by a preponderance of the evidence that the proffered expert evidence meets the requirements of Rule 702(b).

- There is no presumption in favor of admission of expert evidence.

- Rule 702 imposes on the district court, not the jury, the responsibility to assess compliance with Rule 702(b)—including by review of the underlying data and factual assumptions for sufficiency—and therefore the admissibility of proposed expert evidence.

While this Court's emphatic statement of what Rule 702 requires is important both because of the national role the Court has and, because the records of so many of the cases that come before the Court include expert testimony, it is also critical for the courts of appeals to be unanimous in their adherence to Rule 702's plain mandates. Litigants offer expert testimony in all sorts of cases—the patent cases this Court so often hears but also products-liability cases, malpractice cases, personal-injury cases, ERISA cases, and on and on—and the federal courts must prevent the sort of jurisprudential drift in the application of Rule 702 that required the 2023 clarifying amendment. This Court can promote unanimity and diminish the potential for confusion among litigants by joining the Fourth and Sixth Circuits in recognizing the import of the 2023 amendment to Rule 702.

As the Supreme Court observed in *Daubert*, "[e]xpert evidence can be both powerful and quite misleading because of the difficulty in evaluating it." 505 U.S. at 595 (quotation omitted). Rule 702 reflects a careful approach that recognizes the unique effects expert evidence may have in a case, and the courts should rigorously enforce the rule's requirements and procedures.

## CONCLUSION

The Chamber asks that the Court use this opportunity to make clear that Rule 702 is the primary mandate regarding the admission of expert testimony, and that it is for the district court to determine whether the proponent of expert testimony has satisfied the rule's requirements by a preponderance of the evidence.

Respectfully submitted,

/s/ David R. Fine

TARA S. MORRISSEY
**U.S. CHAMBER OF COMMERCE LITIGATION CENTER**
1615 H St., NW
Washington, DC 20062-2000
(202) 659-6000
TMorrissey@USChamber.com

DAVID R. FINE
**K&L GATES LLP**
17 North Second St., 18th Fl.
Harrisburg, PA 17101
(717) 231-5820
david.fine@klgates.com

November 26, 2024

**CERTIFICATE OF COMPLIANCE**

1.      This brief complies with the type-volume limitation of Federal Circuit Rule 32(b)(1) because it includes 3,252 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 32(b)(2).

2.      This brief complies with the requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Equity 14-point font.

/s/ David R. Fine

**CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system on November 26, 2024. I further certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ David R. Fine