No. 2023-1101

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

ECOFACTOR, INC.,

*Plaintiff-Appellee*,

v.

GOOGLE LLC,

*Defendant-Appellant*.

On Appeal from the United States District Court for the Western District of Texas, No. 6:20-cv-00075-ADA, Judge Alan D. Albright

**BRIEF FOR AMICUS CURIAE AMERICAN INTELLECTUAL PROPERTY LAW ASSOCIATION IN SUPPORT OF NEITHER PARTY**

SALVATORE ANASTASI
  *President-Elect*
**AMERICAN INTELLECTUAL PROPERTY LAW ASSOCIATION**
**BARLEY SNYDER LLP**
2 Great Valley Parkway, Ste. 110
Malvern, PA 19355
Telephone: (610) 722-3899

JOSEPH CIANFRANI
MICHAEL FRIEDLAND
DAVID KIM
**FRIEDLAND CIANFRANI LLP**
2010 Main Street Ste. 960
Irvine, CA 92614
Telephone: (949) 734-4900
Email: joe.cianfrani@fciplaw.com

*Counsel for Amicus Curiae American Intellectual Property Law Association*

# CERTIFICATE OF INTEREST

Counsel for amicus curiae American Intellectual Property Law Association certifies the following:

1. **Represented Entities.** Fed. Cir. R. 47.4(a)(1). Provide the full names of all entities represented by undersigned counsel in this case.

    American Intellectual Property Law Association

2. **Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.

    None.

3. **Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.

    None.

4. **Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

    None.

5. **Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

    N/A (amicus)

6. **Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

    None.

Dated: November 26, 2024                   /s/ *Joseph Cianfrani*

                                                                                                                                                                                  JOSEPH CIANFRANI
                                                                                                                                                                                  FRIEDLAND CIANFRANI LLP

# TABLE OF CONTENTS

Page

CERTIFICATE OF INTEREST.................................................................................. i

TABLE OF AUTHORITIES ................................................................................... iv

INTEREST OF AMICUS CURIAE .......................................................................... 1

INTRODUCTION AND QUESTION PRESENTED…............................................ 2

SUMMARY OF ARGUMENT ................................................................................ 3

ARGUMENT ………………............................................................................... 4

    I.    The Standard of Review ........................................................................ 4

    II.    Patent Damages Law Relating to Prior License Agreements ……….. 5

    III.    Rule 702 Applies to Expert Testimony That Relies on Prior Royalty Agreements ............................................ 6

CONCLUSION .......................................................................................................  12

CERTIFICATE OF COMPLIANCE ……………………………..………… 13

# TABLE OF AUTHORITIES

## CASES

Page(s)

*Apple Inc. v. Wi-LAN Inc.*,
    25 F.4th 960 (Fed. Cir. 2022) ................................................................ passim

*Bio-Rad Labs., Inc. v. 10X Genomics Inc.*,
    967 F.3d 1353 (Fed. Cir. 2020) ............................................................... 8, 11

*Burdell v. Denig*,
    92 U.S. 716 (1876)……………............................................................... 6

*Clark v. Wooster,*
    119 U.S. 322 (1886) ................................................................................. 5

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
    509 U.S. 579 (1993) ..................................................................... 2, 4, 7, 11

*Dowagiac Mfg. Co. v. Minn. Moline Plow Co.*,
    235 U.S. 641 (1915) ……....................................................................... 7

*DSU Med. Corp. v. JMS Co.,*
    471 F.3d 1293 (Fed. Cir. 2006) ............................................................... 9

*EcoFactor, Inc. v. Google LLC,*
    104 F.4th 243 (Fed. Cir. 2024) …............................................................ 2

*Finjan, Inc. v. Secure Computing Corp.*,
    626 F.3d 1197 (Fed. Cir. 2010) ............................................................... 8

*General Electric Co. v. Joiner*,
    522 U.S. 136 (1997) ................................................................................ 4

*Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.*,
    572 U.S. 559 (2014) ……………………...…………………………... 5

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) …………………………………………. 4

*Kumho Tire Co. v. Carmichael*,
    526 U.S. 137 (1999) ............................................................................... 5

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
    694 F.3d 51 (Fed. Cir. 2012) .................................................................. 8

*Lucent Techs., Inc. v. Gateway, Inc.*,
    580 F.3d 1301 (Fed. Cir. 2009) ................................................. 4, 6, 8, 10

*MLC Intell. Prop., LLC v. Micron Tech., Inc.*,
    10 F.4th 1358 (Fed. Cir. 2021) ............................................................... 6

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
    711 F.3d 1348 (Fed. Cir. 2013) .............................................................. 9

*ResQNet.com, Inc. v. Lansa, Inc.*,
    594 F.3d 860 (Fed. Cir. 2010) .............................................................. 10

*Summit 6, LLC v. Samsung Elecs. Co.*,
    802 F.3d 1283 (Fed. Cir. 2015) ......................................................... 6, 10

*Uniloc USA, Inc. v. Microsoft Corp.*,
    632 F.3d 1292 (Fed. Cir. 2011) .............................................................. 9

*VirnetX, Inc. v. Cisco Sys., Inc.*,
    767 F.3d 1308 (Fed. Cir. 2014) ......................................................... 8, 10

*Whitserve, LLC v. Computer Packages, Inc.*,
    694 F.3d 10 (Fed. Cir. 2012) .................................................................. 9

*Wordtech Sys., Inc. v. Integrated Networks Sols., Inc.*,
    609 F.3d 1308 (Fed. Cir. 2010) ............................................................ 10

**OTHER AUTHORITIES**

Maloy, Richard H.W., *"Standards of Review" - Just a Tip of the Icicle*, 77 U. Det.
Mercy L. Rev. 603 (2000) …………...……………………….....……………… 4

Nicolas, Peter, *De Novo Review in Deferential Robes?: A Deconstruction of the Standard of Review of Evidentiary Errors in the Federal System*, 54 Syracuse L. Rev. 531 (2004) ………………………………………………………...… 4

Rooklidge, William C., Gooding, Hon. Martha K., Johnson, Philip S., & Krall, Noreen, *Compensatory Damages Issues in Patent Infringement Cases* (Federal Judicial Center 2d Ed. 2017) ......................................................... 3

# INTEREST OF AMICUS CURIAE

The American Intellectual Property Law Association (AIPLA) is a national bar association representing the interests of approximately 7,000 members engaged in private and corporate practice, government service, and academia. AIPLA's members represent a diverse spectrum of individuals, companies, and institutions involved directly or indirectly in the practice of patent, trademark, copyright, and unfair competition law, as well as other fields of law affecting intellectual property. Our members represent both owners and users of intellectual property.[1] AIPLA's mission includes providing courts with objective analyses to promote an intellectual property system that stimulates and rewards invention, creativity, and investment while accommodating the public's interest in healthy competition, reasonable costs, and basic fairness. AIPLA has no stake in any of the parties to this litigation or in the result of the case. AIPLA's only interest is in seeking correct and consistent interpretation of the law as it relates to intellectual property issues.

---

[1] No counsel for a party authored this brief in whole or in part, and no such counsel or party made a monetary contribution intended to fund the preparation or submission of this brief. No person or entity other than the *amicus curiae*, its members, or its counsel, made a monetary contribution intended to fund its preparation or submission. The Court's *en banc* order authorized the filing of this brief without consent and leave of the court.

# INTRODUCTION AND QUESTION PRESENTED

This appeal involves a district court's decision to admit a damages expert's testimony that relied on three lump-sum, portfolio license agreements as part of the reasonable royalty analysis. A panel of this Court held that the district court did not abuse its discretion in admitting the testimony, which relied on a "whereas" clause in the agreements that recited a royalty rate, as well as an email chain and testimony from the plaintiff's chief executive officer about how the company understood the agreement. *EcoFactor, Inc. v. Google LLC,* 104 F.4th 243 (Fed. Cir. 2024). This Court subsequently granted the Appellee's petition for rehearing *en banc*, vacated the panel opinion, and ordered the parties to brief "the district court's adherence to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), in its allowance of testimony from EcoFactor's damages expert assigning a per-unit royalty rate to the three licenses in evidence in this case." *EcoFactor, Inc. v. Google LLC,* 115 F.4th 1380 (Fed. Cir. Sept. 25, 2024).

## SUMMARY OF ARGUMENT

AIPLA supports neither party and takes no position on whether the district court here abused its discretion in admitting the expert testimony. Rather, AIPLA writes to emphasize and focus on the wealth of precedent from this Court explaining how district courts are to apply Rule 702 to damages experts who rely on prior license agreements. Specifically, this Court has held that, in order to rely on a prior license agreement to support a reasonable royalty opinion, an expert must show that the prior agreement is comparable, or was adjusted for comparability through reasoned adjustments, to the hypothetically negotiated agreement.[2] Consistent with this precedent, district courts should admit expert testimony relying on prior agreements once the proponent of the testimony makes a threshold showing as to how the prior agreement was brought into technical and economic comparability with the hypothetically negotiated agreement. This showing must be based on a reliable methodology tied to the facts of the case. Once the threshold comparability showing has been made, the degree of comparability should be left to the jury.

---

[2] *See* Rooklidge, William C., Gooding, Hon. Martha K., Johnson, Philip S., & Krall, Noreen, *Compensatory Damages Issues in Patent Infringement Cases*, p. 82 (Federal Judicial Center 2d Ed. 2017) (citing *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1327 (Fed. Cir. 2009); *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 870-72 (Fed. Cir. 2010)).

AIPLA also writes to emphasize that district courts have considerable expertise in deciding whether to admit expert testimony and that the abuse of discretion standard plays a critical role in providing district courts the latitude they need to evaluate a wide variety of evidence and methodologies as they perform their gatekeeping role under *Daubert*.

**ARGUMENT**

**I.    The Standard of Review**

This Court reviews a district court's decision to admit or exclude expert testimony under Rule 702 for an abuse of discretion. *General Electric Co. v. Joiner*, 522 U.S. 136, 141 (1997); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1310 (Fed. Cir. 2009). This deferential standard of review reflects a recognition that district courts have considerable experience and expertise in deciding whether to admit or exclude expert testimony, as well as the benefit of first-hand experience with the evidence and its context in the conduct of the trial.[3] As such, the abuse of discretion standard is critical to providing district courts the latitude they need to evaluate many different kinds of expert testimony and countless methodologies to determine whether expert testimony is reliable and would be helpful to the jury. *See*

---

[3] *See, e.g.,* Maloy, Richard H. W., *"Standards of Review" - Just a Tip of the Icicle*, 77 U. Det. Mercy L. Rev. 603, 629 (2000) (citing cases); *see also,* Nicolas, Peter, *De Novo Review in Deferential Robes?: A Deconstruction of the Standard of Review of Evidentiary Errors in the Federal System*, 54 Syracuse L. Rev. 531, 534 (2004) (*citing Koon v. United States*, 518 U.S. 81, 99 (1996)).

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 153 (1999) (district court has "broad latitude" to determine reliability); *Joiner*, 522 U.S. at 141-43.

In the Fifth Circuit, a "district court abuses its discretion if it: (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (*en banc*). If the district court made an incorrect conclusion of law, or incorrectly applied the law to the facts of the case in admitting the expert testimony, it abused its discretion. *Id.; see also Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.,* 572 U.S. 559, 563 n.2 (2014) ("A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence."); *see also Kumho Tire*, 526 U.S. at 158-59 (While a district court has discretion to choose reasonable means for evaluating expert reliability, "it is not discretion to perform the function inadequately.") (Scalia, J., concurring).

## II. Patent Damages Law Relating to Prior License Agreements

Prior license agreements are typically relevant to a patent damages determination in two ways. First, they may demonstrate an established royalty in the market. For an established royalty, the terms of prior agreements can be directly applied in the damages calculation. *See Clark v. Wooster*, 119 U.S. 322, 326 (1886);

*Burdell v. Denig*, 92 U.S. 716, 719 (1876). It is not alleged that the subject license agreements demonstrate an established royalty in this case.

Prior license agreements can also be relevant to the reasonable royalty analysis if they were entered into under economic or other circumstances sufficiently comparable to the hypothetical negotiation such that the license can fairly be said to evidence how the parties would have valued the patented technology. If the licenses are not entirely comparable, their proponent must demonstrate that they have been fairly adjusted for comparability to the hypothetically negotiated agreement. *See Lucent*, 580 F.3d at 1325 ("[L]icenses relied on by the patentee in proving damages [must be] sufficiently comparable to the hypothetical license in suit."); *Summit 6*, 802 F.3d at 1296 ("A party may use the royalty rate from sufficiently comparable licenses…."); *Apple Inc. v. Wi-LAN Inc.,* 25 F.4th 960, 971 (Fed. Cir. 2022) ("When relying on comparable licenses to prove a reasonable royalty, we require a party to 'account for differences in the technologies and economic circumstances of the contracting parties.'"); *MLC Intell. Prop., LLC v. Micron Tech., Inc.*, 10 F.4th 1358, 1368 (Fed. Cir. 2021) (expert testimony properly excluded where royalty opinion was "incompatible with the … [lump sum] agreement").

### III. Rule 702 Applies to Expert Testimony That Relies on Prior Royalty Agreements

Section 284 of the patent statute authorizes courts to "receive expert testimony as an aid to the determination of damages or of what royalty would be

reasonable under the circumstances." To demonstrate entitlement to damages, a party must "show the value [of what was taken] by proving what would have been a reasonable royalty, considering the nature of the invention, its utility and advantages, and the extent of the use involved." *Dowagiac Mfg. Co. v. Minn. Moline Plow Co.*, 235 U.S. 641, 648 (1915). Damages experts often play a valuable role in this determination.

Courts have an obligation under Rule 702 to ensure that a damages expert's opinion is based on reliable facts and follows methodology consistent with prevailing damages law. *Daubert*, 509 U.S. at 597; *Apple*, 25 F.4th at 971. Rule 702 requires proponents of expert testimony to demonstrate that it "is more likely than not" that four conditions are met:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. This appeal concerns the last three of these conditions.

To admit the expert testimony in this case, the district court was required to determine whether: (1) the facts on which the damages expert relied (*e.g.*, the lump-

sum royalty agreements, the testimony of EcoFactor's CEO and email chain) were sufficiently reliable data on which to base a royalty opinion; (2) the expert applied a reliable methodology to show that the agreements relied on were comparable to the hypothetical negotiation (*e.g.,* upward/downward adjustments to the royalty rate derived from the agreements); and (3) the expert reliably applied that methodology based on the facts of the case (*e.g.* facts supporting the adjustments the expert made to support the comparability showing).

This Court has repeatedly recognized the need to show comparability between a prior license agreement and the hypothetical negotiation. "When relying on comparable licenses to prove a reasonable royalty, we require a party to 'account for differences in the technologies and economic circumstances of the contracting parties.'" *Apple,* 25 F.4th at 971 (*quoting VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1330 (Fed. Cir. 2014)); *see also LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 79 (Fed. Cir. 2012) ("When relying on licenses to prove a reasonable royalty, alleging a loose or vague comparability between different technologies or licenses does not suffice."); *Bio-Rad Labs., Inc. v. 10X Genomics Inc.*, 967 F.3d 1353, 1374 (Fed. Cir. 2020) (expert must establish a baseline level of comparability to the hypothetical negotiation); *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1211 (Fed. Cir. 2010) (expert "must account for differences in the technologies and economic circumstances of the contracting parties.");

*Lucent*, 580 F.3d at 1329 ("Lucent had the burden to prove that the licenses were sufficiently comparable to support the lump-sum damages award."); *Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 30 (Fed. Cir. 2012) ("lump sum payments … should not support running royalty rates without testimony explaining how they apply to the facts of the case.").

Applying this extensive precedent to Rule 702(b), courts should exclude damages expert testimony that is "conjectural or speculative" because it is not based on reliable data. *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320-21 (Fed. Cir. 2011); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1374 (Fed. Cir. 2013) ("unreliable testimony frustrates a primary goal of expert testimony," which is "to place experience from professional specialization at the jury's disposal, not muddle the jury's fact-finding with unreliability and speculation."); *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1309 (Fed. Cir. 2006) ("While damages analysis invariably involves hypothetical reconstruction of a 'but for' marketplace, that reconstruction must include some footing in economic principle."). Here, the district court had an obligation under Rule 702(b) to assess whether the data on which the expert relied (the prior licenses, the testimony of EcoFactor's CEO and the email string) were sufficiently reliable to support the expert's opinion.

This Court has applied the comparability requirement to Rule 702(c) by requiring experts to demonstrate a sound economic methodology for bringing prior agreements into comparability with the hypothetical negotiation. "[I]deal input data cannot save a methodology that is plagued by logical deficiencies or is otherwise unreasonable." *Apple,* 25 F.4th at 971 (quoting *Summit 6, LLC v. Samsung Elecs. Co.*, Ltd., 802 F.3d 1283, 1296 (Fed. Cir. 2015)); *VirnetX*, 767 F.3d at 1326-29. This Court has found error where district courts admitted expert testimony that did not attempt to account for the differences between a prior license and the hypothetical negotiation. *See ResQNet.com,* 594 F.3d at 873 ("[T]he district court erred by considering … licenses to significantly adjust upward the reasonable royalty without any factual findings that accounted for the technological and economic differences between those licenses and the … [asserted] patent."); *Lucent*, 580 F.3d at 1327-32. Here, the district court had an obligation to determine whether the expert's stated methodology of increasing or decreasing the royalty rate to account for the differences between the lump-sum license and the hypothetical negotiation was a sufficiently reliable methodology to establish comparability.

Under Rule 702(d), the expert must also have "reliably applied the principles and methods to the facts of the case." *Lucent*, 580 F.3d at 1328-29 (rejecting reliance on agreements "radically different from the hypothetical agreement under consideration…."); *Apple*, 25 F.4th at 973-74; *Wordtech Sys., Inc. v. Integrated*

*Networks Sols., Inc.*, 609 F.3d 1308, 1319-21 (Fed. Cir. 2010). In this case, the district court was required to determine whether the basis for the expert's methodology to bring the prior agreements into technical and economic correspondence with the hypothetically negotiated agreement was grounded in the facts of the case. After considering each of Rule 702's requirements, the trial court must make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 597.

Once the district court discharges its gatekeeping obligation by ensuring that Rule 702's requirements are satisfied consistent with established patent damages law, the court may admit the expert testimony. Any disputes regarding the *degree* of comparability or the weight of the evidence are fact issues to be addressed through cross-examination and contrary evidence. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596; *Bio-Rad Labs.*, 967 F.3d at 1374 (affirming district court's admission of testimony where the expert demonstrated "baseline comparability" and leaving the "degree of comparability" to cross-examination and the jury).

## CONCLUSION

To be admissible under Rule 702, parties seeking to introduce expert testimony relying on prior agreements must make a threshold showing that the prior agreement is comparable to the one that would have been produced in the hypothetical negotiation. Once that threshold showing is met, the testimony should be admitted. It is important that district court judges, who are in the best position to assess compliance with Rule 702, have the discretion and latitude to fulfill their gatekeeping responsibilities within the scope of established damages law.

Respectfully submitted,

Dated: November 26, 2024    FRIEDLAND CIANFRANI LLP

*/s/ Joseph Cianfrani*

SALVATORE ANASTASI
 *President-Elect*
AMERICAN INTELLECTUAL
PROPERTY LAW ASSOCIATION
BARLEY SNYDER LLP
2 Great Valley Parkway, Ste. 110
 Malvern, PA 19355
Telephone: (610) 722-3899
Email: sanastasi@barley.com

JOSEPH CIANFRANI
MICHAEL FRIEDLAND
DAVID KIM
FRIEDLAND CIANFRANI LLP
2010 Main Street Ste. 1260
Irvine, CA 92614
Telephone: (949) 734-4900
Email: joe.cianfrani@fciplaw.com

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS**

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because:

1. The filing has been prepared using a proportionally-spaced typeface and includes 2,607 words, excluding the parts of the brief exempted by Federal Circuit Rule 32(b)(2) and Rule 32(f) of the Federal Rules of Appellate Procedure.

2. The filing has been prepared using Microsoft Word for Office 365 in 14-point Times New Roman font. As permitted by Fed. R. App. P. 32(g), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

/s/ *Joseph S. Cianfrani*
JOSEPH CIANFRANI
FRIEDLAND CIANFRANI LLP
2010 Main Street Ste. 1260
Irvine, CA 92614
Telephone: (949) 734-4900
