No. 2023-1101

IN THE

# United States Court of Appeals for the Federal Circuit

ECOFACTOR, INC.,
*Plaintiff, Appellee,*

v.

GOOGLE LLC,
*Defendant, Appellant.*

On Appeal from the United States District Court
for the Western District of Texas
No. 6.20-cv-00075-ADA
Hon. Alan D. Albright

## CORRECTED BRIEF OF AMICUS CURIAE LAWYERS FOR CIVIL JUSTICE IN SUPPORT OF APPELLANT

YAR CHAIKOVSKY
MICHAEL COSTELLO-CAULKINS
WHITE & CASE
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, California 94306

MARK DAVIES
ETHAN PLAIL
KUFERE LAING
WHITE & CASE
701 Thirteenth Street, NW
Washington, DC 20005
mark.davies@whitecase.com

*Counsel for Amicus Curiae*

November 26, 2024

## CERTIFICATES

Pursuant to Federal Rule of Appellate Procedure 26.1 and Federal Circuit Rules 29 and 47.4, counsel for *amicus curiae* Lawyers for Civil Justice certifies the following:

I. The full name of every party or *amicus* represented by me is:

Lawyers for Civil Justice

II. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

None

III. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or *amicus curaie* represented by me are:

None

IV. The names of all law firms and the partners or associates that appeared for the party or *amicus* now represented by me in the trial court or agency or are expected to appear in this Court are:

Yar Chaikovsky, Mark Davies, Ethan Plail, Kufere Laing, and Michael Costello-Caulkins of White & Case LLP.

Dated: November 26, 2024

Respectfully submitted,

*/s/ Mark Davies*
Mark Davies

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 23-1101

**Short Case Caption** EcoFactor v. Google

**Filing Party/Entity** Lawyers for Civil Justice

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 11/29/2024

Signature: /s/ Mark Davies

Name: Mark Davies

FORM 9. Certificate of Interest

Form 9 (p. 2)
March 2023

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Lawyers for Civil Justice | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Kufere Laing | Ethan Plail | Michael Costello-Caulkins |
| Michael Songer | Henry Yee-Der Huang | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐ Yes (file separate notice; see below) ☐ No ☑ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# TABLE OF CONTENTS

TABLE OF CONTENTS .......... ii
STATEMENT OF INTEREST .......... 1
SUMMARY OF ARGUMENT .......... 6
I. Rule 702 establishes the standard for admissibility. .......... 7
II. The 2023 amendment corrects courts' failures to perform their gatekeeping function. .......... 9
III. The en banc opinion should provide guidance that prior decisions that conflict with amended Rule 702 no longer reflect good law. .......... 15
IV. The expert admissibility decision in this case must conform to the requirements of amended Rule 702. .......... 16
CONCLUSION .......... 20
CERTIFICATE OF COMPLIANCE .......... 22

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Active Networks, Inc. v. Verizon Commc'ns, Inc.*,
694 F.3d 1312 (Fed. Cir. 2012) .......... 11

*Apple Inc. v. Motorola, Inc.*,
757 F.3d 1286(Fed. Cir. 2014) .......... 11

*Apple, Inc. v. Wi-LAN, Inc.*,
25 F.4th 960 (Fed. Cir. 2022) .......... 19

*EcoFactor, Inc. v. Google*,
104 F.4th 243 (Fed. Cir. 2024) .......... 16, 18

*Harris v. Fedex Corp. Servs., Inc.*,
No. 23-20035, 2023 WL 3564985 (5th Cir. May 10, 2023) .......... 4

*Harris v. Fedex Corp. Svcs., Inc.*,
92 F.4th 286 (5th Cir. 2024) .......... 14

*i4i Ltd. P'ship v. Microsoft Corp.*,
598 F.3d 831 (Fed. Cir. 2010) .......... 11

*In re Onglyza (Saxagliptin) and Kombiglyze (Saxagliptin and Metformin) Prods. Liab. Litig.*,
93 F.4th 339 (6th Cir. 2024) .......... 14

*In re: Paraquat Products Liability Litigation*,
Nos. 24-1865, 24-1866, 24-1867, 24-1868 (7th Cir. Sept. 26, 2024) .......... 4

*Kan. City S. Ry. Co. v. Sny Island Levee Drainage Dist.*,
831 F.3d 892 (7th Cir. 2016) .......... 8

*Liquid Dynamics Corp. v. Vaughan Co.*,
449 F.3d 1209 (Fed. Cir. 2006) .......... 12

*Lucent Techs., Inc. v. Gateway, Inc.*,
580 F.3d 130 (Fed. Cir. 2009) .......... 17

*Monsanto Co. v. Hardeman*,
142 S. Ct. 2834 (2022) ........................................ 4

*Omega Pats., LLC v. CalAmp Corp.*,
13 F.4th 1361 (Fed. Cir. 2021) ........................................ 19

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
853 F.3d 1370 (Fed. Cir. 2017) ........................................ 11

*Rutledge v. Walgreen Co., Inc.*,
No. 24-916 (2d Cir. Nov. 15, 2024) ........................................ 4

*Sardis v. Overhead Door Corp.*,
10 F.4th 268 (4th Cir. 2021) ........................................ 14, 16

*Summit 6, LLC v. Samsung Elecs. Co.*,
802 F.3d 1283 (Fed. Cir. 2015) ........................................ 11

*United States v. Parra*,
402 F.3d 752 (7th Cir. 2005) ........................................ 8

*Whole Woman's Health v. Hellerstedt*,
579 U.S. 582 (2016) ........................................ 9

*Williamson v. Citrix Online, LLC*,
792 F.3d 1339 (Fed. Cir. 2015) ........................................ 11

## STATUTES AND RULES

28 U.S.C. § 2072(a) and (b) ........................................ 7, 8

28 U.S.C. § 2073(d) ........................................ 7

Fed. R. Evid. 104 ........................................ 3

Fed. R. Evid. 702 ........................................ passim

Fed. R. Evid. 702, Advisory Committee Note ........................................ passim

## MISCELLANEOUS

Communication from the Chief Justice Transmitting Amendments to
the Federal Rules of Evidence (Apr. 24, 2023) ........................................ 7

David E. Bernstein and Eric G. Lasker, *Defending Daubert: It's Time to Amend Federal Rule of Evidence 702*, 57 WM. & MARY L. REV. 1, 24 (2015)....................12

Hon. Patrick J. Schiltz, Report of the Advisory Committee on Evidence Rules (May 15, 2022) at 6, *in* COMMITTEE ON RULES OF PRACTICE & PROCEDURE JUNE 2022 AGENDA BOOK 866 (2022)....................13

Lawyers for Civil Justice, *Clarity and Emphasis: The Committee's Proposed Rule 702 Amendment Would Provide Much-Needed Guidance About the Proper Standards for Admissibility of Expert Evidence and the Reliable Application of an Expert's Basis and Methodology*, Comment to Advisory Committee on Evidence Rules (Sept. 1, 2021) ....................2

Lawyers for Civil Justice, *Federal Rule of Evidence 702: A One-Year Review and Study of Decisions in 2020*, submitted to Advisory Committee on Evidence Rules (Sept. 30, 2021) ....................2

Lawyers for Civil Justice, *Why Loudermill Speaks Louder than the Rule: A "DNA" Analysis of Rule 702 Case Law Shows that Courts Continue to Rely on Pre-Daubert Standards Without Understanding that the 2000 Amendment Changed the Law*, Comment to the Advisory Committee on Rules of Evidence and Rule 702 Subcommittee (Oct. 20, 2020)....................2

Memorandum from Daniel J. Capra, Reporter, Advisory Comm. on Evidence Rules, *Forensic Evidence, Daubert and Rule 702* (Apr. 1, 2018)....................10

Memorandum from Daniel J. Captra and Liese L. Richter, Reporters, Advisory Committee on Evidence Rules, to Advisory Committee on Evidence Rules, Possible Amendment to Rule 702 (Oct. 1, 2024), at 4, in ADVISORY COMMITTEE ON EVIDENCE RULES NOVEMBER 2021 AGENDA BOOK 135 (2021) ....................3, 13

Minutes - Committee on Rules of Practice & Procedure, Report of the Advisory Committee on Evidence Rules (Jan. 5, 2021) *in* ADVISORY COMMITTEE ON EVIDENCE RULES APRIL 2021 AGENDA BOOK 36 (2021) .......... 10

Order Amending the Federal Rules of Evidence, 529 U.S. 1189, 1195 (2000) .......... 7

Thomas D. Schroeder, *Toward a More Apparent Approach to Considering the Admission of Expert Testimony*, 95 NOTRE DAME L. REV. 2039, 2060 (2020) .......... 8, 15

## STATEMENT OF INTEREST[1]

Lawyers for Civil Justice (LCJ) is a national coalition of defense trial lawyer organizations, law firms, and corporations that promotes excellence and fairness in the civil justice system to secure the just, speedy, and inexpensive determination of civil cases.[2] Since 1987, LCJ has advocated for procedural reforms that: (1) promote balance in the civil justice system; (2) reduce the costs and burdens associated with litigation; and (3) advance predictability and efficiency in litigation.

Working through the Rules Enabling Act process, LCJ often urges proposals to reform aspects of the Federal Rules of Civil Procedure and

---

[1] Counsel certifies that no counsel for a party authored this brief in whole or in part; no party or party's counsel contributed money that was intended to fund the preparation or submission of this brief; and no person or entity – other than amicus curiae – contributed money intended to fund the preparation or submission of this brief. White & Case represented Google here but all White & Case lawyers have withdrawn from the case as of November 3, 2021. *See EcoFactor, Inc. v. Google LLC*, No. 6:20-cv-00075-ADA (W.D. Tex. Nov. 3, 2021) (text order granting Motion to Withdraw White & Case attorneys Michael Songer and Henry Yee-Der Huang as counsel for Google). At the petition stage, Google consented to LCJ's filing, but EcoFactor did not respond to its request. *See* Fed. Cir. R. 29(a). In the order granting Google's petition for rehearing, this Court stated that any "briefs of amici curiae may be filed without consent and leave of court." *EcoFactor v. Google*, 115 F.4th 1380 (Fed. Cir. 2024).

[2] LCJ's members are listed on its webpage, at the "About Us" tab. https://www.lfcj.com/about.

Federal Rules of Evidence. LCJ has specific expertise on the meaning, history, and application of Rule 702, drawing from both its own efforts undertaken during the rulemaking process and the collective experience of its members who engage in litigation in the federal courts. LCJ submitted several comments, including original research, to the Judicial Conference Advisory Committee on Evidence Rules (referred to in this brief as the Advisory Committee) during the rulemaking process that resulted in enactment of the 2023 amendment to Rule 702. *See*, *e.g.*, Lawyers for Civil Justice, *Clarity and Emphasis: The Committee's Proposed Rule 702 Amendment Would Provide Much-Needed Guidance About the Proper Standards for Admissibility of Expert Evidence and the Reliable Application of an Expert's Basis and Methodology*, Comment to Advisory Committee on Evidence Rules (Sept. 1, 2021);[3] Lawyers for Civil Justice, *Why Loudermill Speaks Louder than the Rule: A "DNA" Analysis of Rule 702 Case Law Shows that Courts Continue to Rely on Pre-Daubert Standards Without Understanding that the 2000 Amendment Changed the Law*, Comment to the Advisory Committee on Rules of Evidence and

[3]https://www.regulations.gov/comment/USC-RULES-EV-2021-0005-0007

Rule 702 Subcommittee (Oct. 20, 2020);[4] Lawyers for Civil Justice, *Federal Rule of Evidence 702: A One-Year Review and Study of Decisions in 2020*, submitted to Advisory Committee on Evidence Rules (Sept. 30, 2021).[5]

LCJ's analysis identified widespread misunderstanding of Rule 702's requirements, and also established that many courts had failed to recognize the sufficiency of an expert's factual basis is an *admissibility* consideration under Rule 104(a)'s burden of proof to expert admissibility decisions. During Rule 702 rulemaking, LCJ advocated for specific changes, including adding an explicit reference to the court as the decision-maker to the rule's test so Rule 702 would give unmistakable direction about judges' gatekeeping responsibility. LCJ's contributions affected the rulemaking process, as recognized by the Reporters to the Advisory Committee. *See* Memorandum from Daniel J. Captra and Liese L. Richter, Reporters, Advisory Committee on Evidence Rules, to Advisory Committee on Evidence Rules, Possible Amendment to Rule

---

[4] https://www.uscourts.gov/sites/default/files/20evy_suggestion_from_lawyers_for_civil_justice_rule_702_0.pdf
[5] https://www.regulations.gov/comment/USC-RULES-EV-2021-0005-0008

702 (Oct. 1, 2024), at 4, in Advisory Committee on Evidence Rules November 2021 Agenda Book 135 (2021) ("LCJ's suggestion to reinsert a reference to the court has much to commend it. … Given the fact that the reason the rule is being amended is that some courts did not construe the 2000 amendment properly, it makes eminent sense to make it as explicit as possible.").

In addition, LCJ has recently submitted amicus briefs in the United States Supreme Court and in federal courts of appeals urging courts to give meaning to Rule 702 and its requirements.[6] In each case, as it does here, LCJ has endeavored to clarify the proper standards for determining whether expert testimony is admissible Rule 702.

LCJ files this brief to provide the Court with its views on the development and meaning of Federal Rule of Evidence 702. LCJ and its members have an interest in ensuring that the Federal Rules of Evidence are consistently interpreted across the nation. That rule, and not local

---

[6] *See, e.g.*, *Monsanto Co. v. Hardeman*, 142 S. Ct. 2834 (2022), 21-241 (United States Supreme Court); *Rutledge v. Walgreen Co., Inc.*, No. 24-916 (2d Cir. Nov. 15, 2024); *In re: Paraquat Products Liability Litigation*, Nos. 24-1865, 24-1866, 24-1867, 24-1868 (7th Cir. Sept. 26, 2024); *Harris v. Fedex Corp. Servs., Inc.*, No. 23-20035, 2023 WL 3564985 (5th Cir. May 10, 2023).

variations that modify or remove elements or alter the explicit admissibility requirements, reflects the result of the Rules Enabling Act's rulemaking process and is the governing law. LCJ also strongly believes that judges should play a central role as gatekeepers in deciding the admissibility of opinion testimony and thus ensure the aim of Rule 702 by allowing only what is admissible evidence from experts to be presented to the finder of fact. The issues presented here are at the core of LCJ's mission and its work over many years on Rule 702. LCJ believes it is essential to the proper interpretation of Rule 702 that the Court emphasize the centrality of Rule 702's text in deciding whether proffered expert opinions are admissible.

## SUMMARY OF ARGUMENT

Federal Rule of Evidence 702 requires expert testimony to be grounded on sufficient facts and data, employ reliable principles and methods, and reliably apply those methods to the facts of the case. Before Rule 702 was amended in 2023, "many courts" incorrectly applied the rule and stated that "the critical questions of sufficiency of an expert's basis, and the application of the expert's methodology, are questions of weight and not admissibility." Fed. R. Evid. 702 advisory committee's note to 2023 Amendment. Thus, Rule 702's text was changed to "clarify and emphasize that expert testimony *may not be admitted* unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule." *Id.* (emphasis added).

Here, the district court and the panel made the very mistakes that motivated enactment of the 2023 Amendment. Both failed to apply Rule 702's standard: The *court* must rule on admissibility. Instead, the panel, in deferring to the district court's ruling, held that issues with the assumptions of EcoFactor's damages expert, Mr. Kennedy, were best addressed to the jury. The panel also ignored the preponderance of the

evidence standard, as clarified in the 2023 amendment. This Court, now sitting en banc, should seize the opportunity to correct the misapplications of Rule 702, and provide clear direction for lower courts to follow when applying Rule 702 going forward.

## I. Rule 702 establishes the standard for admissibility.

The Rules Enabling Act gives the power to establish procedural rules to the Supreme Court and the Judicial Conference committees. 28 U.S.C. § 2072(a) and (b). Those rules must include an "explanatory note" on the rule. 28 U.S.C. § 2073(d).

Rule 702, which sets the standard for expert witness testimony, was originally amended by the Supreme Court and submitted to Congress in 2000 and then again in 2023 through the rulemaking process under the Rules Enabling Act. *See* Communication from the Chief Justice Transmitting Amendments to the Federal Rules of Evidence (Apr. 24, 2023) at 1, 7; Order Amending the Federal Rules of Evidence, 529 U.S. 1189, 1195 (2000).

The subsections of Rule 702 enumerate the specific criteria that the expert must meet. Beginning with (a), the expert's testimony must "help the trier of fact." That is, the testimony must be relevant. Under (b), the

testimony must be "based on sufficient facts or data." And thus, the court must decide the adequacy of an expert's factual foundation as a matter of admissibility. *See* Memorandum from Daniel J. Capra, Reporter, Advisory Comm. on Evidence Rules, *Forensic Evidence, Daubert and Rule 702* (Apr. 1, 2018) at 43, in Advisory Committee on Evidence Rules April 2018 Agenda Book 49 (2018). Last, (c) and (d) mandate that the testimony is "the product of reliable principles and methods" and "reflects a reliable application of the principles and methods to the facts of the case." The court must find each of these elements by the preponderance of the evidence.

As a rule of evidence adopted by the Supreme Court, Rule 702 overrides any conflicting laws, including appellate court decisions: "All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." 28 U.S.C. § 2072(b).[7] Thus, the "elements of Rule 702, not the caselaw, are the starting point for the requirements

[7] *See also Kan. City S. Ry. Co. v. Sny Island Levee Drainage Dist.*, 831 F.3d 892, 900 (7th Cir. 2016) (stating that the litigants "should have paid more attention to Federal Rule of Evidence 702, which superseded *Daubert* many years ago"); *United States v. Parra*, 402 F.3d 752, 758 (7th Cir. 2005) ("At this point, Rule 702 has superseded *Daubert*").

of admissibility." Thomas D. Schroeder, *Toward a More Apparent Approach to Considering the Admission of Expert Testimony*, 95 NOTRE DAME L. REV. 2039, 2060 (2020).

Because Rule 702 itself, and not caselaw, establishes the admissibility standard, courts must decide whether the necessary elements for admission of opinion testimony have been shown by a preponderance of the evidence. Fed. R. Evid. 702 (the proponent must demonstrate "to the court that it is more likely than not that" the elements are established); *see also Whole Woman's Health v. Hellerstedt*, 579 U.S. 582, 586 (2016) (identifying Rule 702 as establishing the criteria under which "an expert may testify").

## II. The 2023 amendment corrects courts' failures to perform their gatekeeping function.

Rule 702 was amended because some courts were not properly applying the rule. As the Advisory Committee observed before adopting the 2023 amendment, "many courts have held that the critical questions of the sufficiency of an expert's basis" are questions of "weight and not admissibility," which is an "incorrect application of Rules 702 and 104(a)." FED. R. EVID. 702 advisory committee's note to 2023

Amendment.[8] Courts were frequently observed to misstate and misapply these aspects of Rule 702:

> It is clear that a judge should not allow expert testimony without determining that all requirements of Rule 702 are met by a preponderance of the evidence. … *It is not appropriate for these determinations to be punted to the jury, but judges often do so*.[9]

Commenting on research evaluating the breadth of the problem, the Reporter to the Advisory Committee similarly observed:

> Many opinions can be found with broad statements such as "challenges to the sufficiency of an expert's basis raise questions of weight and not admissibility" – *a misstatement made by circuit courts and district courts in a disturbing number of cases*.[10]

---

[8] *See also* Memorandum from Daniel J. Capra, Reporter, Advisory Comm. on Evidence Rules, to Advisory Comm. on Evidence Rules, *Forensic Evidence, Daubert, and* Rule 702(b) or (d)… ("[S]ome courts have defied the Rule's requirements, which stem from *Daubert* – that the sufficiency of an expert's basis and the application of methodology are both admissibility questions requiring a showing to the court by a preponderance of the evidence.").

[9] Minutes - Committee on Rules of Practice & Procedure, Report of the Advisory Committee on Evidence Rules (Jan. 5, 2021) at 25, *in* ADVISORY COMMITTEE ON EVIDENCE RULES APRIL 2021 AGENDA BOOK 36 (2021), https://www.uscourts.gov/sites/default/files/advisory_committee_on_evidence_ rules_-_agenda_book_spring_2021_0.pdf (emphasis added).

[10] Memorandum from Daniel J. Capra, Reporter, Advisory Committee on Evidence Rules, to Advisory Committee on Evidence Rules, *Possible Amendment to Rule 702* (Apr. 1, 2021) at 11, *in* ADVISORY COMMITTEE ON EVIDENCE RULES APRIL 2021 AGENDA BOOK 90

The Federal Circuit was not immune to the issues that the Advisory Committee identified. For example, this Court has overlooked the requirement of Rule 702(b) and declared that "[t]he soundness of the factual underpinnings of the expert's analysis … [is a] factual matter[] to be determined by the trier of fact." *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1320 (Fed. Cir. 2014), *overruled on other grounds by Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015); *see also Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1299 (Fed. Cir. 2015) ("To the extent [an expert]'s credibility, data, or factual assumptions have flaws, these flaws go to the weight of the evidence, not to its admissibility.").

Other decisions have incorrectly declared that "disagreements [] with the … factual assumptions and considerations underlying th[e] conclusions [reached by an expert] … go to the weight afforded to the testimony and not its admissibility." *Active Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1333 (Fed. Cir. 2012); *see also i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 856 (Fed. Cir. 2010) ("Questions

---

(2021), https://www.uscourts.gov/sites/default/files/advisory_committee_on_evidence_rules__agenda_book_spring_2021_0.pdf (emphasis added).

about what facts are most relevant or reliable to calculating a reasonable royalty are for the jury."); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, 853 F.3d 1370, 1381 (Fed. Cir. 2017) ("Samsung's criticism of [the damages expert]'s selected benchmark 'goes to evidentiary weight, not its admissibility.'") (cleaned up).

Rather than follow Rule 702 itself, some decisions even relied on caselaw dating to 1986 as justification for the incorrect proposition that the reliability of an expert's opinions should be tested by the adversary process rather than excluded. *See Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1221 (Fed. Cir. 2006) ("Virtually all the inadequacies in the expert's testimony urged here … were brought out forcefully at trial … [t]hese matters go to the weight of the expert's testimony rather than to its admissibility" (quoting *Wilmington v. J.I. Case Co.*, 793 F.2d 909, 920 (8th Cir. 1986)).[11]

The Advisory Committee determined that the 2023 amendment should stop courts from making these errors:

---

[11] "Perhaps the worst example of a federal appellate court ignoring the language of amended Rule 702 arose in the 2006 Federal Circuit opinion in *Liquid Dynamics Corp. v. Vaughan Co.*" David E. Bernstein and Eric G. Lasker, *Defending Daubert: It's Time to Amend Federal Rule of Evidence 702*, 57 WM. & MARY L. REV. 1, 24 (2015).

> the Committee resolved to respond to the fact that many courts have declared that the reliability requirements set forth in Rule 702 (b) and (d) – that the expert has relied on sufficient facts or data and has reliably applied a reliable methodology – are questions of weight and not admissibility, and more broadly that expert testimony is presumed to be admissible. *These statements misstate Rule 702*, because its admissibility requirements must be established to a court by a preponderance of the evidence.[12]

After the amendment, it is "certainly incorrect" for a court to declare that "[t]he sufficiency of facts or data supporting an expert opinion is a question for the jury, not the court."[13]

The 2023 amendment clarifies Rule 702 in three key ways. *First*, it mandates that the court must determine the admissibility of evidence before presenting it to the jury. *Second*, the amendment integrates the

---

[12] Hon. Patrick J. Schiltz, Report of the Advisory Committee on Evidence Rules (May 15, 2022) at 6, *in* COMMITTEE ON RULES OF PRACTICE & PROCEDURE JUNE 2022 AGENDA BOOK 866 (2022), https://www.uscourts.gov/sites/default/files/2022-6_standing_committee_agenda_book_final.pdf (emphasis added).

[13] Memorandum from Daniel J. Capra and Liesa L. Richter, Reporters, Advisory Committee on Evidence Rules, to Advisory Committee on Evidence Rules, *Possible Amendment to Rule 702* (Apr. 1, 2022) at 24-25, *in* ADVISORY COMMITTEE ON EVIDENCE RULES MAY 2022 AGENDA BOOK 125 (2022), https://www.uscourts.gov/sites/default/files/evidence_agenda_book_may_6_2022.pdf; *see also id.* at 24 ("the wrong-ness of these statements is absolutely apparent from the inclusion of the preponderance standard in the text.").

preponderance of the evidence standard into Rule 702, requiring the proponent to prove that it is more likely than not that all of Rule 702's requirements are met. *See* Fed. R. Evid. 702 advisory committee's note to 2023 Amendment. *Third*, the amendment to Rule 702(d) reinforces that the court's gatekeeping obligation is ongoing; each opinion offered must reliably apply the expert's principles and methods to the case facts.

The course correction brought about by the 2023 amendments has been recognized by several courts. For example, the Sixth Circuit observed that the Rule 702 amendments "were drafted to correct some court decisions incorrectly holding 'that the critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology, are questions of weight and not admissibility.'" *In re Onglyza (Saxagliptin) and Kombiglyze (Saxagliptin and Metformin) Prods. Liab. Litig.*, 93 F.4th 339, 348 n.7 (6th Cir. 2024); s*ee also Harris v. Fedex Corp. Svcs., Inc.*, 92 F.4th 286, 303 (5th Cir. 2024) (district court "abdicated its role as gatekeeper" by allowing expert "to testify without a proper foundation," in contravention of Rule 702(b)); *Sardis v. Overhead Door Corp.*, 10 F.4th 268, 283–84 (4th Cir. 2021) (rejecting "incorrect"

decisions finding expert's factual basis and methodological application to be matters of weight and not admissibility).

## III. The en banc opinion should provide guidance that prior decisions that conflict with amended Rule 702 no longer reflect good law.

This Court should dispel the lingering misunderstandings of the admissibility standard and remind district courts to evaluate proffered expert testimony using the criteria set forth in Rule 702 itself as they fulfill their essential gatekeeping role. Judge Schroeder has explained the need for this guidance:

> No doubt, in some cases the courts are misstating and misapplying Rule 702. Correction by the courts of appeals will go a long way to remedying the most obvious outliers.[14]

Litigants and courts will benefit from this Court's disavowal of caselaw statements that disregard the preponderance of evidence test or disregard the sufficiency of an expert's factual basis or methodological application as admissibility issues.

Because this Court's jurisdiction is based on subject-matter, not geography, its articulation of Rule 702 is uniquely important. Every

---

[14] Schroeder, *Toward a More Apparent Approach to Considering the Admission of Expert Testimony*, 95 NOTRE DAME L. REV. at 2059.

district court that handles a case that is appealable to the Federal Circuit looks to this Court for guidance. And given the importance of expert testimony in patent disputes, this decision will carry significant doctrinal consequences. Further, to avoid repeating the history of noncompliance with Rule 702, clear direction that courts' gatekeeping practices must conform to amended Rule 702 will send an important signal to courts nationally.

Accordingly, this Court should use this en banc proceeding to reject statements set forth in past cases that erroneously indicate that deficiencies in an expert's methodology go to the opinion's weight, not its admissibility, or that otherwise misstate the admissibility criteria set forth in Rule 702. *See supra* pp. 10–12. Signaling to lower courts that Rule 702 directs the analysis they must undertake when deciding whether to admit proffered opinion testimony should go far to resolve confusion arising from problematic caselaw that amended Rule 702 has superseded.

## IV. The expert admissibility decision in this case must conform to the requirements of amended Rule 702.

The panel made three clear errors the Advisory Committee would recognize, and that amended Rule 702 sought to correct.

*First*, the panel decision did not refer to the preponderance standard, and its opinion suggests that it was not applied. The panel asserts that the reliability of Kennedy's methodology and application to the facts "is a question for the jury," *see EcoFactor, Inc. v. Google*, 104 F.4th 243, 254, 255 (Fed. Cir. 2024), or "for the jury to decide," *id.* at 256. Rule 702 does not permit delegating the gatekeeping role in this fashion. *See Sardis*, 10 F.4th at 282–83. It is a judicial responsibility to assess whether Kennedy's methodology and its application to the facts of the case was or was not reliable by a preponderance of proof. There is no sign that the court found Kennedy's proponent to have carried this burden.

*Second*, Kennedy's opinion was not shown to have an adequate factual basis under Rule 702(b), and the panel failed even to address if he did. The royalty rate that Kennedy calculated in his hypothetical negotiation derived from three "purportedly comparable licenses, each reflecting a litigation settlement," where EcoFactor paid a "lump-sum" amount. Google OB at 24–25. But there are "significant differences" between the running royalty and lump-sum payment structures. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 130, 1326–27 (Fed. Cir. 2009). And Kennedy failed to account for these differences in his hypothetical

negotiation. Google OB 25–29. Instead, Kennedy's royalty rate was based on "Whereas" clauses in three different licensing agreements, all of which reflected EcoFactor's belief that their lump-sum payments were based on a royalty rate, but not a bargained-for royalty rate. Google OB at 26, 29.

Kennedy also failed to address how much other patents contributed to the royalty rate in the comparable licenses. Instead, he offered generic statements about built-in apportionment. As the majority explained, Kennedy claimed "the downward pressure that these patents would have" was counterbalanced by the "upward pressure on the $X royalty rate by assuming that the '327 patent was valid and infringed." *EcoFactor*, 104 F.4th at 256. The majority found Google's challenge to Kennedy's factual foundation "a 'factual issue best addressed by cross examination and not by exclusion.'" *Id.* at 15 (*citing ActiveVideo*, 694 F.3d at 1333). But this is precisely the type of punting to the jury that Rule 702 rejects. *See* Fed. R. Evid. 702 advisory committee's note to 2023 Amendment ("[M]any courts have held that the critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology, are questions of weight and not admissibility. These

rulings are an incorrect application of Rules 702 and 104(a).”). As the dissent appropriately observes, “Mr. Kennedy failed to account for the impact of the specific remaining patents in EcoFactor’s portfolio, other than by referencing a generic ‘downward pressure.’” *EcoFactor*, 104 F.4th at 261 (Prost, J., dissenting).

*Third*, Kennedy’s proposed royalty did not reflect “a reliable application of the principles and methods to the facts of the case.” Fed. R. Evid. 702(d). This Court has rejected, even to the point of vacating jury awards, royalty opinions in which the testifying expert relies on “comparable licenses to prove a reasonable royalty,” but fails to “account for differences in the technologies and economic circumstances of the contracting parties.” *Apple, Inc. v. Wi-LAN, Inc.*, 25 F.4th 960, 971 (Fed. Cir. 2022); *see also Omega Pats., LLC v. CalAmp Corp.*, 13 F.4th 1361, 1380–81 (Fed. Cir. 2021).

Here, two of the licensing agreements that Kennedy used in his hypothetical negotiation were not technologically comparable because they listed additional patents other than the ’327 patent at issue. Google OB at 47. The third licensing agreement didn’t list the ’327 patent at all. *Id.* Thus, regardless of whether the “royalty rates” in these licenses were

legitimate, Kennedy still needed to calculate a specific downward adjustment to account for the technological differences. But he made no such calculation. *See* Google OB at 47–51. As the Advisory Committee explained, Rule 702(d) requires that "each expert opinion must stay within the bounds of what can be concluded from a reliable application of the expert's basis and methodology." Fed. R. Evid. 702 advisory committee's note to 2023 Amendment. Kennedy's conclusion amounts to an ipse dixit resulting from an unreliable application of Kennedy's methodology to the actual facts of the case.

Had the Court viewed the expert testimony through the lens provided by Rule 702, Kennedy's opinions should have been excluded. This analysis fails to meet the admissibility criteria of Rule 702(b) and 702(d), and was never evaluated using the preponderance standard.

## CONCLUSION

This Court should provide guidance to lower courts dispelling persistent misunderstandings of the expert admissibility standard that amended Rule 702 was enacted to correct. When assessed using the governing Rule 702 criteria, the opinion at issue falls short of admissibility.

Dated: November 26, 2024

Respectfully submitted,

*/s/ Mark Davies*

MARK DAVIES
ETHAN PLAIL
KUFERE LAING
WHITE & CASE
701 Thirteenth Street, NW
Washington, DC 20005
mark.davies@whitecase.com

YAR CHAIKOVSKY
MICHAEL COSTELLO-CAULKINS
WHITE & CASE
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, California 94306
yar.chaikovsky@whitecase.com

*Counsel for Amicus Curiae*

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing Amicus Brief for Lawyers for Civil Justice,

1. Complies with the typeface and type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and Fed. Cir. Rule 32(b). This brief contains 4,044 words, excluding the parts of the brief exempted by Fed R. App. P. 5(c), 21(d), 27(d)(2), 32(f), and Fed. Cir. R. 32(b)(2), as counted by Microsoft Word, which was used to prepare the brief.

2. Complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6). This brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook type style.

Dated: November 26, 2024

*/s/ Mark Davies*

Mark Davies